The cause stood over for advisement to this term, when the opin ion of the Court was delivered by
Parsons, C. J.
The action is entry upon disseisin against the tenant as disseisor. On not guilty, a verdict was found for him, subject to the opinion of the Court upon the report of the judge.
. From the facts reported it is manifest that the estate conveyed by Alexander to John Drummond was an estate upon condition, and that the condition has been broken.
[ * 324 ] * Generally the grantor of an estate on condition must enter for condition broken, to revest the estate in himself. But when he is in possession already, and cannot enter, the estate shall revest in him on the breach of the condition (1). In this case it is found that the tenant always continued in possession, living in the house: he could not therefore enter, and without entry the fee of the estate is in him. He cannot therefore be considered at law as a disseisor, and the verdict must stand.
How far an estate upon condition to be void; unless some further act be done by the grantee, is a mortgage within the statute of 1798, c. 77., so that this Court can in equity relieve the grantee, or his heirs or assigns, against the breach of the condition, or whether we can only relieve the grantor on condition and these claiming under him, may be determined hereafter, if the demandants should be advised to apply by bill to the equitable jurisdiction of the Court.

 Co. Lit. 218. § 350.