Battle, J.
 

 Whether it was necessary for the lessor of the plaintiff to enter upon the demised premises, or give notice to the defendant before bringing her action of ejectment, it is unnecessary for us to decide ; for it is clear that the forfeiture of the lease by the nonpayment of the rent due for the year 1850, was waived by the subsequent acceptance by the lessor from the lessee, of that due for the year following. Arch. Land, and Ten. 97-J.00, (43 Law Lib. 108-111.) The declaration was issued on the 7th day of October, 1851, and served on the defendant the 4th of November following ; while, it is stated in the bill of exceptions,' that the rent due for the year 1850, though not paid at the end of the year, was afterwards paid in full; and further, that the rent of 1851 was paid on the 28th October in that year. Now we do not attribute any effect to the reception by the lessor of the rent of 1850, because, after it became due, she had a light to receive it., whether the defendant was to continue her tenant or not; but certainly, after receiving, during the. year 1851, the rent or any part of it, which was to become due at the end of that year, she recognized the defendant as her tenant for that year; and thereby waived the forfeiture incurred by the nonpayment of the rent of the preceding year.
 

 The counsel of the plaintiff’s lessor has not insisted in this Court that at the time when the action was commenced, there was any breach of covenant, other than the nonpayment of rent, for which she had a right to insist upon a forfeiture. It does not appear from the written contract between the parties, that any
 
 *420
 
 particular time, prior to the termination of the lease, was fixed upon for the lessee to complete the repairs
 
 ;
 
 and we cannot say that at the time when the suit was commenced, the lessor had a. right to consider the lease as atan end, and to treat the defendant as a trespasser. The judgment must’be affirmed.
 

 PER Curiam. Judgment affirmed.