# REPORTS.

## ROLLINS *v.* RILEY.

44 9
69 422
44 9
71 180

A covenant to stand seized to uses is only supported by a consideration of blood or marriage.

The use in such case is executed in the *cestui que use* by the statute of uses, the same as in a deed to a third person to the same uses.

In a conveyance upon a condition precedent, no estate passes to the grantee until the condition is performed.

In a conveyance upon a condition subsequent, the estate vests immediately in the grantee, subject to be re-vested in the grantor by the non-performance of the condition.

. But in such a case, ordinarily, the grantor must reënter after condition broken, in order that the estate may re-vest in him.

Where A covenants to stand seized of a certain farm, to his own use during his life, and after his decease to the use of B and his heirs for ever, upon condition that B shall support A during his life, &c., the conveyance to be void upon the breach of the condition, if the condition be broken the grantor need not reënter, because he is already in possession, and he may immediately maintain trespass *quare clausum* against B for any entry upon said farm, after condition broken, against the known will of A.

Whether an agreement by A, in such a case, that B may be allowed the use of such farm while he thus supports A, makes B a tenant of A, so that any notice to quit, or any reëntry on the part of A is necessary to enable him to maintain trespass *quare clausum* against B for such entry, *quære ?*

Such an arrangement between the father and son for the support of the former is a personal contract between them, and the son can not assign it to another without the consent of the father, and, especially, after a breach of the condition on the part of the son.

TRESPASS *quare clausum fregit.* Writ dated October 18, 1860.

The plaintiff's declaration embraced two counts. The first count alleged a breaking and entry by the defendant with force and arms of the close of the plaintiff, being his homestead farm, in Holderness, and consisting of about forty acres of land, on the 15th of September, 1860, and on divers other days and times between that day and the day of the date of the writ, and without the license of the plaintiff, entering with force, as aforesaid, his close and dwelling-house, and for the space of ten days keeping the plaintiff from the use and enjoyment of said close, against the plaintiff's will, &c.

The second count alleges the breaking and entry of the defendant as on the first day of October aforesaid, &c. Plea, the general issue.

This action was by the consent of parties tried by the court at this term. The plaintiff offered in evidence, as his title to said premises, an 'original deed of warranty, duly executed, acknowledged, and recorded, from Horatio N. Smith and Eliza L. Smith to himself, dated March 4, 1839, recorded December 2, 1840, embrac-

ing the land in the plaintiff's declaration mentioned. The plaintiff proved that he entered and occupied the premises for many years since the date of said deed.

On the part of the defendant it was shown that said Rollins, the plaintiff, and his wife Mary, by their deed dated November 22, A. D. 1856, and duly acknowledged and recorded, conveyed the same premises, with certain reservations, to their son, George W. Rollins, under the covenants to stand seized, &c., and this deed makes a part of this case.

The defendant also offered in evidence a deed of release or quit-claim from said George W. Rollins to the defendant, embracing the same premises, with the special reservations to the said plaintiff and his wife Mary, dated September 24, 1860, acknowledged the same day, and recorded October 2. The consideration of said deed purported to be $90.

Under the evidence in the case the plaintiff claimed that the estate of the said George W. Rollins in said lands had been forfeited.

The plaintiff offered evidence tending to show that said George had refused to provide his father Levi with suitable clothing, namely, one outside coat, one vest, and one pair of shoes; the father having requested the son to furnish this clothing during the existence of his contract, and prior to the son's conveyance to the defendant. This clothing, being necessary to the father, was refused by the son. To sustain the trespass the plaintiff testified that he was residing on the premises at the time the defendant purchased them; that he told him not to come there, but that against his consent and remonstrance the defendant entered into said premises and said dwelling-house, and took forcible possession thereof, or of so much of said premises as had before been occupied by the son.

The defendant contradicted the plaintiff upon the point of license. Upon the weight of evidence the court, however, found that if the plaintiff can maintain this action by law, he is entitled to recover, as damages, fourteen dollars of the defendant, as upon a verdict rendered by the jury. Upon the evidence the defendant excepted, and claimed that this action can not be maintained, and moved that the finding of the court be set aside.

The deed was as follows:

"Know all men by these presents, that we, Levi S. Rollins, of Holderness, in the county of Grafton and State of New-Hampshire, and Mary F. Rollins, wife of the said Levi S. Rollins, in consideration of the love and affection we bear our son, George W. Rollins, of the same Holderness, do, for ourselves and our heirs, covenant with the said George W. Rollins and his heirs, that we will henceforth stand seized of our homestead farm, situate in said Holderness, containing forty acres, more or less, conveyed to us by Thomas and Charles C. Eastman, by their deed of even date herewith, reference thereto being had for a particular description thereof, with all the privileges and appurtenances to the same belonging, for the uses and purposes following, that is to say, to our own use during our natural lives and the natural life of the survivor of us,

without impeachment of waste, and after our decease, or the decease of the survivor of us, to the use of the said George W. Rollins, his heirs and assigns for ever ; —

Provided, however, that if the said George W. Rollins shall neglect or refuse to maintain us and the survivor of us during our natural lives, upon said premises, to find and furnish for us and for the survivor of us all such proper and necessary food, meat, drink, clothing and medicine, according to our degree and standing, and to maintain us and the survivor of us during our natural lives and the natural life of the survivor, properly and fully, upon our allowing him the use of said farm and the easterly half of the house, then this conveyance shall be void ; otherwise to remain in full force.

In witness whereof we have hereunto set our hands and seals, this twenty-second day of November, A. D. 1856.

LEVI S. ROLLINS.   [*Seal.*]
MARY F. ROLLINS.   [*Seal.*]

Signed, sealed and delivered
    in presence of
    CHARLES C. EASTMAN,
    JOSEPH BURROWS.

This deed was duly acknowledged and recorded.

The questions of law arising upon the case were reserved, and transferred to the law term.

*Pike & Barnard,* and *Clark,* for the plaintiff.

*Burrows & Ela,* for the defendant.

SARGENT, J.   This conveyance, under which the defendant claims, is a covenant to stand seized to uses, and taking the first part of it — the covenant itself, aside from the condition — there would be no difficulty in ascertaining the rights of the several parties.

A covenant to stand seized to uses, like this, differs from a deed to a third person for the same uses, simply in the consideration which will support them ; in the latter case a valuable consideration being sufficient, but the covenant to stand seized can only be supported by the consideration of blood or marriage.   In this case the love and affection which the covenantors have to their son, &c., shows the proper consideration of blood to sustain the covenant.

In either case, whether of a deed to a third person for certain uses, or a covenant to stand seized to the same uses, the statute of 27 Hen. 8, ch. 10, known as the statute of uses, which is in force in this State, annihilates what was before the legal title, the intermediate estate of the feoffee, vesting the legal estate at once with the equitable, and uniting them both in the *cestui que use* ; the statute thus executing the use, as it is termed, by uniting in the *cestui que trust* immediately the whole title, legal and equitable, to the land. Taking the deed before us, then, without the condition, and the

statute would have at once executed the uses declared, and vested the legal title accordingly; that is to say, an estate for life in the grantors, with remainder in fee to George W. Rollins and his heirs. 4 Kent's Com. 294; *French* v. *French*, 3 N. H. 261; 2 Black. Com. 332, *et seq.; Wallis* v. *Wallis*, 4 Mass. 135; *Gale* v. *Colburn*, 18 Pick. 397; *Hayes* v. *Tabor*, 41 N. H. 521, and cases cited.

But in the case before us there is a condition annexed — provided the said George W. Rollins shall neglect or refuse to maintain the said grantors, and furnish them with all proper and necessary food, clothing, &c., upon their allowing him the use of said farm and the easterly half of the house, then this conveyance to be void; otherwise to remain in full force. Now a part of the condition being that if Rollins should neglect or refuse to furnish said Levi with proper and necessary clothing, then the conveyance should be void; and the court having found that he has thus refused, the conveyance, by its terms, is void.

So far as this plaintiff's rights in the maintenance of this suit are concerned, it makes no difference whether we consider this a condition precedent or a condition subsequent, as the plaintiff in either case has the possession and the right to the possession during his life. If we consider that what Rollins was to do was a condition precedent, then no estate passed by the deed till the condition was performed, so that George W. would have no title during the life of said Levi, and in that case the statute of uses would not execute the use until that became vested in the *cestui que use.* "For the statute of uses transferred the use with its accompanying conditions and limitations into the land." And so the use need not be executed the instant the conveyance is made, but the operation of the statute may be suspended until the use shall arise. 4 Kent's Com. 295.

But if we are to consider this as a condition subsequent, as would seem to be the proper construction upon the weight of authority, then the estate vested immediately upon the conveyance. And in that case, upon the non-performance of the condition, the grantor must, in ordinary cases, reënter, in order to avoid the conveyance, and reinvest the estate in himself. Lord *Coke*, in speaking of conditions of this kind, remarks as follows: "Regularly, where any man will take advantage of a condition, if he may enter he must enter, and when he can not enter he must make a claim; and the reason is, for that a freehold and inheritance shall not cease without entry or claim, and, also, the feoffor or grantor may waive the condition at his pleasure." Coke's Litt. 218, a. In such case, as the grantor may waive the condition, and thus allow the estate to continue, notwithstanding the breach, it is held necessary for him to enter if he can, and if not to make claim, as evidence of the assertion of his rights, and of his intention to take advantage of the breach; otherwise it will be presumed that he has waived it.

But there are various exceptions to this rule. Lord *Coke* enumerates four instances, and the fourth is as follows: "If a man by his deed, in consideration of fatherly love, &c., covenant to stand seized to the use of himself for life, and after his decease to the

use of his eldest son in tail, the remainder to his second son in tail, with a proviso of revocation, and the father doth make a revocation according to the proviso, the whole estate is *maintenant* revested in him without entry or claim for the cause aforesaid." Coke's Lit. 218, b. In that case he could not reënter, because he himself was in possession, and he could not enter upon himself, nor need he make claim upon the land, for that was merely giving notice to the tenant upon the land, where the landlord could not enter, that he insisted upon his rights, by virtue of the breach of the condition, and should not waive it. But he, being himself in possession, such notice to himself could not well be given, nor was it required. In the case before us there was a proviso, not of revocation on the part of the grantor, but of the performance of a certain condition on the part of the feoffee which has not been performed, but the condition has been broken. This case stands, therefore, like the one supposed after the revocation. No entry was then necessary in this case in order to enable the plaintiff to maintain this action, so far as the defendant claims under the deed to George W. Rollins. *Lincoln and Kennebeck Bank* v. *Drummond,* 5 Mass. 321.

But the defendant claims that the terms of the condition to the deed, by which he was to be allowed the use of the farm and half the house so long as he maintained the plaintiff and his wife, made him a tenant at will or at sufferance, and that, therefore, the plaintiff can not maintain this suit without a notice to quit, or without a reëntry by the plaintiff. But we do not so understand the contract. It seems evident, from the whole deed, that the plaintiff intended to keep the possession in himself, and the right of possession, and that the arrangement that George W. was to be allowed to have the use of the farm and half the house, did not make him a tenant in any respect to his father, so as to give him the legal possession. He might have had such a right there, being interested in the crops so long as he performed his agreement, as that he might have maintained trespass *quare clausum* against a stranger who should enter and harvest his crops (*Dolloff* v. *Danforth,* 43 N. H. 219), yet it was not such a possession as divested the possession of the plaintiff. And when George W. failed to perform his agreement in furnishing the plaintiff with clothing, then his right to have the use of the land ceased, and after that the plaintiff, being in possession, could sue in trespass for any subsequent interference with the land or house.

No question is here raised in regard to the ownership of crops sowed or planted by George W. before his failure to perform his contract, or in regard to the rights of the parties to such crops after the breach. But this action is for entering with force the land and dwelling-house of the plaintiff, and keeping him from the use and enjoyment of these premises for ten days, &c. If we are correct in this view then this action might have been well enough maintained by this plaintiff against George W. Rollins at any time after his failure to perform his contract to supply the plaintiff, &c., and if the right of George W. was terminated by his failure thus to perform his contract, before he conveyed to the defendant,

then his quitclaim deed conveyed no right or interest whatever, and the defendant stands without right, a mere trespasser. But however that may be, there is another view of the case that seems decisive. This was a personal contract between the father and son, that the son could not assign even before any breach of the condition on his part, without the consent of the father, which is not here shown. *Bethlehem* v. *Annis*, 40 N. H. 33, and cases cited. The defendant, therefore, had no right there.

*Judgment on the verdict.*