Battle, J.
This petition was filed under the provisions of the Revised Code, ch. 101, sec, 87, which gives to any person settled upon or cultivating any land to which there is no public road leading, a right to a cartway over the land of others, whenever it shall appear “ necessary, reasonable and just,” that he shall have such way to añy public road, ferry, bridge, or public landing. The defendant putin an1 answer denying the right of the petitioner to have a cart-way laid out across his land, and among other objections, he insisted upon the hearing in the Superior Court, that the desired road was not “ necessary, reasonable and just,” and offered to show that there were two private ways— though not cartways — from the lands of the. petitioner to *270 the'public road to which he wished to go, over the lauds of other persons ; and also that'the plaintiff had, by a parol license, ah unobstructed passage through the lands of one JBurgwyn to the aforesaid public road. The presiding Judge held that these facts would not bar the right of the petitioner to have a cartway, and declined to hear the evidence. In this we think his Honor erred, in consequence of which the order in favor of the petitioner must be reversed, and the case sent back to be heard again.
The enactment in the Revised Code to which we have referred, is substantially the same with that contained in the Revised Statutes, ch. 104, sec. 33., The case of Lea vs. Johnson, 9 Ired. Rep. 15, decided, under the last mentioned Act, shows that it is to be construed’ strictly ; for the establishment of a cartway over the land of any person without his consent, is to deprive him of his full and free enjoyment of his land, for the benefit of another. The latter, then, must show that ho comes completely within the requirements of the act, before he can claim its benefits. He must be a person settled upon or cultivating land, to which there is no public road leading, and- that it is “ necessary, reasonable and just," that he shall have a cart - way over his neighbor’s lauds, in order to give him access to some public place. Now, if he already have such access by means of a private way, equally .convenient over the lands of other neighbors, wby should he bo allowed to burden the land of still another person, by having a cartway laid out over it? We think it clear that-be should not, for in such a case, an additional way to the prejudice of that other person, will not be “necessary, reasonable and just." There is nothing in the argument that one can not be barred of his right to a cartway by reason- of his having a private right of way. He may be barred by that as well as anything else, that shows that it is not “ necessary, reasonable *271 and just,” that be should baye a cartway. The-evidence proposed to be given to the presiding Judge, may not have established the fact for -which it was offered ; but as, on the other hand, it ma„ have had that effect, the Judge ought to bavr, received and considered it, and it was error in law. for him to refuse to do so.
There were other objections urged at the hearing in the Court below, against the petitioner’s claim, which it is unnecessary for us to notice very particularly. One was, that the petitioner had formerly instituted suit for the same purpose, against the immediate ancestor of the defendant, had obtained an order for a cartway through his land, and then abandoned the proceedings, The record of that case shows that the proceedings were against other persons besides tho defendant’s ancestors, and that the cartway, as laid out, was to run through their lands as well as his, so that even supposing that if the suit had been against the ancestor alone, it would have been a bar in the present case, (which we are not prepared to admit,) it can not have the effect claimed for it by the defendants, because it is not for the same cause of action.
We are inclined to think that the evidence offered, failed to show that there was, at the time when tho petition was. filed, any public road running through the lauds of the petitioner, and that the presiding Judge was right in so deciding. Th'e evidence in favor of such a road was rather ■light, and was rebutted, we think, by the testimony offered to show that it had not been used as such for more than twenty years.
The remaining objection was, that the land of the petitioner once formed a part of a large tract, part of which abutted on the public road to which he now seeks access, and that though it is now cut off from such public road, by *272 a partition among the tenants in common of the large tract, yet the owner has by operation of law a right of way to the public road through the lands of the other former tenants. It is unnecessary to decide the question raised by this objection, because it involves the same principle as that as to ■which we shall be compelled to send the case back to be heard again in the Superior Court. If the defendant shall succeed in proving that the petitioner had already such rights of way to the public road' which would show' that it is not “ necessary, reasonable and just/' that he shall have a cartway over the land of the defendant, the obj'ect of his petition must fail, whether he obtained his right or rights of way by grant, prescription, or the mere operation of law.
The order of the Superior Court must be reversed, to the end that the capse must be sent back to be heard again.