## WARREN HUBBARD *vs.* WARREN HUBBARD, JR.

In order that an estate on condition may revest in the grantor by breach of the condition, he, if not in possession, must make entry or bring action, or, if in possession, must manifest intent to hold possession by reason of the breach.

If the grantor of an estate on condition, after breach of condition, but before entry, action, or manifestation of intent to hold possession by reason thereof, treats the condition as still subsisting and obligatory, that is a sufficient waiver of the breach.

A. conveyed a messuage to B. on condition that A. and his wife should be allowed to reside thereon during their respective lives, and that so long as they should so reside B. should furnish them with comfortable maintenance and support. This condition being broken, A. waived the breach both as to himself and as to his wife. *Held*, that this waiver was sufficient to avoid forfeiture without any waiver by the wife also, although the wife joined in the deed from A. to B. for the purpose of releasing her right of dower in the premises conveyed.

WRIT OF ENTRY. This is the same case which formerly came before this court on exceptions, as reported 12 Allen, 586. At the second trial in the superior court, which was before *Wilkinson*, J., the deed by the demandant to the tenant of the premises in dispute, dated March 22, 1862, was introduced in evidence, as at the former trial, containing the following condition : —

" That the grantor and his wife, Jane Hubbard, shall be allowed to reside on said homestead during their respective natural lives, and so long as they thus reside thereon, the grantee, his heirs and assigns, shall furnish them with a comfortable maintenance and support in sickness and in health, it being understood that the grantee, his heirs and assigns, with their families, may also in the meantime reside on said homestead."

The demandant's wife joined with him in this deed to release her right of dower and all her right (if any) of homestead.

It was further proved, as at the former trial, that at the time of this deed the demandant and his wife were living on the premises, and soon afterwards the tenant removed there, and that thereafter the tenant and his family occupied the main building and the demandant and his wife lived in an ell part of the house ⋅ and also that in the spring of 1864 the tenant refused longer to furnish, as he had been accustomed to do for the two years previous, food or cooking utensils or dishes to the demandant and

his wife in the part of the house where they lived, and told them that they must come to his table to take their meals, and on their refusal to do so, sent into the demandant's room, he being sick, food and dishes sufficient for him alone during a period of six weeks, for which period the demandant and his wife shared this allowance between them, when the wife left the premises and went to Amherst, where she remained about thirteen months and until after the beginning of this action, which was in April 1865 ; and that a short time after his wife left the premises the demandant went to the tenant's table and took his meals there until his wife's return.

The demandant contended that, according to the former decision of this court these facts showed a breach of the condition of the deed and that the tenant's estate in the premises was forfeited, although it appeared that at the time of the alleged breach the tenant was in occupation of the premises under the· deed, controlling the same and carrying on the farm, and it did not appear that the demandant at the time of or after the alleged breach made any formal entry upon the premises, or did any acts asserting purpose to claim the same for breach of condition, or made any demand for the same, or declared any intention to take possession of the same for breach, until this action was brought, and that the tenant ever after the alleged breach continued to occupy and improve the premises as before.

The tenant contended that the demandant had waived the performance of the condition, or the breach thereof; and he offered evidence tending to prove that while the demandant's wife was at Amherst the demandant repeatedly expressed satisfaction at the change and with the board he was receiving at the tenant's table, and said that his wife had no cause for leaving, and was desirous that she should come back.   The judge admitted no evidence of acts or declarations tending to show a waiver occurring after the date of the writ, and also instructed the jury that " any expressions or acts of the demandant showing satisfaction with, or consent to, his mode of living at the time of such expressions or acts, would not be evidence of waiver; but only such acts and declarations as referred to the acts of the tenant

relied on as constituting a breach, and as related back to the transactions complained of by the demandant, could be considered by them upon the question of a waiver." There was other evidence to prove a waiver, such as of declarations by the demandant that he did not like the way in which his wife had cooked his victuals, that she had had a gang hanging about who disturbed his rest nights, that she had not got his meals regularly, that he was glad the change had been made and was sorry it had not been made sooner, that he asked the tenant to allow him to come to his table and to make the change, that he liked the cooking of the tenant's wife much better, and that he had rested better and felt better since the change and enjoyed having his meals regularly; and it appeared that in fact he received his entire support from the tenant.

The demandant contended that by the breach of the condition the estate of the tenant was immediately forfeited and the title immediately reverted to the demandant, and no subsequent acts or declarations like those offered in evidence by the tenant could operate by way of waiver to defeat the demandant's estate or divest him of it. But the judge ruled that the demandant could by parol acts and declarations waive the breach of the condition, and forfeiture if there had been a breach, and that the evidence introduced was competent for the jury to consider, upon the question of waiver, under the same limitations as were set forth in his instructions to the jury quoted above; and that if the jury believed that the demandant intended to waive the breach and forfeiture, and did waive the same before action was brought, then he could not maintain this action. The demandant further contended that any waiver by himself, either of the performance or of the breach of the condition of the deed, as to his own support, would not save the forfeiture unless it was also waived by his wife as to her own support. But the judge ruled, as to her support, that it would not be sufficient for the demandant to waive the performance or breach of the condition as to his own support only, but the jury must be satisfied that he waived the same as to the support of his wife also; and further that if the demandant and his wife both desired to live as before

the change, the tenant had no right to make such change; but if the demandant and his wife disagreed, and the demandant desired and authorized the change to be made, and his wife did not, the tenant could act upon the will and desire and authority of the demandant, although the wife did not consent thereto.

A verdict was found for the tenant; and the demandant alleged exceptions.

*H. Morris & C. A. Winchester*, for the demandant. As the demandant continued in possession, living on the premises, the estate revested in him immediately upon breach of the condition, without any entry or further act on his part. *Lincoln & Kennebeck Bank* v. *Drummond*, 5 Mass. 321. *Andrews* v. *Senter*, 32 Maine, 394. *Hamilton* v. *Elliott*, 5 S. & R. 375. It being thus revested, he could not be divested of it by such parol acts and declarations as were in evidence. No waiver by the demandant would save the forfeiture unless the wife also waived the condition as to her own support. She had a valuable interest in the estate which she had released upon condition of her own support as well as her husband's. That condition the husband could not release any more than he could release her dower or her homestead right.

*G. M. Stearns*, for the tenant, besides cases cited in the opinion of the court, cited *Sanborn* v. *Woodman*, 5 Cush. 36 ; *Bowen* v. *Bowen*, 18 Conn. 535 ; *Leathe* v. *Bullard*, 8 Gray, 545 ; *Gerrish* v. *Norris*, 9 Cush. 167 ; *Ludlow* v. *New York & Harlem Railroad Co.* 12 Barb. 440 ; *Brattle Square Church* v. *Grant*, 3 Gray, 142 ; *Willard* v. *Henry*, 2 N. H. 120 ; *Chalker* v. *Chalker*, 1 Conn. 79 ; *Hayden* v. *Stoughton*, 5 Pick. 528.

HOAR, J. It was held in this case, when it was before us at a previous term, that the condition in the demandant's deed to the tenant had been broken, and that the estate was forfeited. On a new trial, the tenant relied upon a waiver of the breach and forfeiture, and we are of opinion that the rulings at the trial were right, and that the defence was maintained.

It is optional with the grantor of an estate upon condition, in case a breach of the condition occurs, whether he will avail himself of the same as a forfeiture of the estate thus granted. To

do this requires action on his part; and if he is not in posses-
sion, usually requires an entry for breach of condition.   Until
such entry, the grantee holds his estate, liable only to be de-
feated, but not actually determined by a forfeiture.   *Stone* v
*Ellis,* 9 Cush. 95.   Under our statutes, an action has been held
sufficient to indicate the grantor's intention to avail himself of
the breach of condition, without entry.   *Austin* v. *Cambridgeport
Parish,* 21 Pick. 215.

The plaintiff contends that being in possession when the
breach of condition occurred, the estate immediately revested in
him without entry or other act; and cites in support of this
position the case of *Lincoln & Kennebeck Bank* v. *Drummond,*
5 Mass. 321.   So far as that case is an authority for the doc-
trine that, where a grantor of an estate on condition is in pos-
session, no entry is necessary to enable him to avail himself of a
breach of the condition, it is undoubtedly satisfactory.   Where
an entry or attempt at entry cannot be made, none can be
required.   The authority cited by Chief Justice Parsons is Co.
Lit. 218, § 350, which is only to the point that the grantor of a
reversion upon condition, there being an unexpired tenancy for
years, will take the reversion upon breach of condition without
entry, although the grantor is not in possession, and has no right
to it.   It is not therefore a full authority for his statement.   But
the facts in *Lincoln & Kennebeck Bank* v. *Drummond* show that
the tenant in possession, after the breach of the condition, exer-
cised acts of ownership; and no question of waiver arose in
the case.

It is equally well settled that a mere breach of condition will
not revest an estate in a grantor upon condition, except at his
election; and that he may waive the breach and forfeiture.   Co.
Lit. 211, b.   *Coon* v. *Brickett,* 2 N. H. 163.   1 Shep. Touch-
stone, 153.   *Pennant's case,* 3 Co. 64.

In the case at bar there was evidence which might well sat-
isfy the jury that there had been such a waiver, and show that
it would be highly inequitable for the demandant to insist on
the forfeiture.   He would not have been entitled to his support
from the tenant after the estate had revested; yet there was

evidence that he continued to receive it for a considerable period without a suggestion that he should claim the farm as forfeited. If he treated the condition as still subsisting and obligatory upon the tenant, after the alleged breach of it, it would be a sufficient waiver.

The possession of the demandant was not that of an owner of any estate in the premises, nor as claiming title to the land; but with a wholly different purpose; and before he showed or had any intention to possess and hold the estate under and by virtue of the breach of the condition, a distinct waiver of the breach would terminate his right to avail himself of it.

*Exceptions overruled.*