## CLARK ET AL. *v.* HOLTON.

PLEADING.—*Real Estate.—Action to Recover.—Conveyance.—Condition Subsequent.—Breach.*—Where, because of an alleged breach of a condition subsequent contained in a conveyance of real estate, the heir of the deceased grantor seeks to recover the possession of, and to quiet his title to, such real estate, the complaint should allege that such grantor, at the time of making such conveyance, was seized in fee-simple of such real estate.

SAME.—*Entry.*—The complaint in such action should also allege an entry upon, or claim to, the real estate, made by the plaintiff prior to bringing suit.

SAME.—*Demand.*—In such case, a demand for possession of the real estate, made before bringing suit, is, in this State, equivalent to an entry thereon.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

NIBLACK, J.—This was a proceeding by Thomas Clark, Mary Kellogg and Benjamin Kellogg, against Janna S. Holton, to recover the possession of, and to quiet the title to, a town lot.

A demurrer for want of sufficient facts was sustained

to the complaint, and there was judgment on demurrer for the defendant.

In reviewing these proceedings here, therefore, we have only to consider the sufficiency of the complaint.

The complaint represents that the plaintiffs are the lineal descendants of one William Clark, who died in 1868, and that, by inheritance as to some portions, and by purchase from one of the other lineal descendants of the said William Clark of the remaining portion, they had become entitled to certain real estate thereinafter described.

The complaint then continues to say, that " The plaintiffs further aver, that the deceased, William Clark, was the owner in fee of the following real estate, situated in the town of Crown Point, Lake County, Indiana, in the year 1840; that said William Clark conveyed, on the 18th day of November, 1840, with Solon Robinson, Russell Eddy and Jonathan W. Holton, several tracts, lots and parcels of land, in one deed, among which the following: 'Also a piece of land on Main Street, directly opposite to and east of a piece of land by this indenture conveyed by Solon Robinson for a public common, which said piece of land, by the said Clark hereby conveyed, is of like dimensions, and for the same purpose, as the said Solon's,' a more particular description being given in the conveyance aforesaid by said Robinson, Clark, Eddy and Holton to the board of commissioners of Lake County, Indiana, a copy of which is herewith filed and made a part of this complaint.

" That the plaintiffs now bring this action to recover of the defendant, and to have their title quieted to, the following lot, to wit: Lot number ten (10) in Central Addition to the town of Crown Point, it being a part of the north-east quarter of section eight (8) in town. 34, range 8 west, all in Crown Point, Lake County, Indiana, and being a fractional part of the land above described and conveyed by William Clark to the board of commis-

sioners of said county for the purpose of a public common, and east of the part conveyed to said board of commissioners by said Solon Robinson for a public common, as fully stated in the deed copy as aforesaid, filed herewith."

The complaint then proceeds to.say, that the parcel of land lying east of the tract conveyed by Solon Robinson, as aforesaid, was conveyed by the said William Clark, for a public square or public common, and for no other purpose or consideration whatever; that the public used said tract of land as a public common for about ten years after such conveyance; that, in the year 1850, the board of commissioners proceeded to sell said parcel of land for private use, and to divert the same wholly from the purpose for which it was conveyed to such board; that said land has been laid off into lots, streets and alleys, and is now used for private residences, business houses and other private uses, without the consent of the said William Clark having ever been obtained thereto; that said lot number ten (10) has fallen into the possession of the defendant, who, without right, claims to be the owner of it in fee, and keeps the plaintiffs out of the possession thereof. Wherefore the plaintiffs demand judgment that their title be quieted, and all other proper relief.

Waiving the question as to whether there is any sufficient description of the land which, it is averred, William Clark conveyed to the board of commissioners, we think the complaint is materially defective in not alleging that he was the owner in fee of the land at the time it was so conveyed. As only the grantor or his heirs can take advantage of the forfeiture of a condition subsequent in a deed, we regard such an allegation as essential to the validity of the complaint.

The complaint avers, that "William Clark was the owner in fee of the following real estate, * * * * * in the year 1840," but does not aver, that he was such

owner at the time of the conveyance, that is to say, on the 18th day of November, 1840. It does not necessarily follow, that, because he conveyed a certain parcel of land, he was the owner of it in fee at the time of the conveyance. He may have executed a conveyance in good faith, and yet have had no estate or interest in the land, or his interest may have been less than a freehold estate. In a matter so material to the merits of the cause, the full ownership of the land at the time of the conveyance ought to have been distinctly averred, and not left to inference merely, from other averments.

It has been held by this court, that conditions subsequent are not favored in law, and are construed strictly against the grantor and his heirs, because they tend to destroy estates. *Hunt* v. *Beeson*, 18 Ind. 380; *Heaston* v. *The Board, etc.*, 20 Ind. 398.

Hence, we are required to give a strict construction to the allegations in the complaint before us.

Then, again, it is well settled, that, to enable the grantor or his heirs to recover back a tract of land, because of a forfeiture of a condition subsequent, an entry upon, or claim to, the land must be made before the commencement of the action. *Lindsey* v. *Lindsey*, 45 Ind. 552; 4 Kent Com. 127; *Craig* v. *Wells*, 11 N. Y. 315; 2 Bl. Com. 155; 3 Bl. Com. 175; *Nicoll* v. *The New York, etc., R. R. Co.*, 12 N. Y. 121; *Fonda* v. *Sage*, 46 Barb. 109; *Lincoln and Kennebeck Bank* v. *Drummond*, 5 Mass. 321; *Chalker* v. *Chalker*, 1 Conn. 79.

Under our system of jurisprudence, a demand of possession is equivalent to an entry on the premises.

No entry or demand being alleged in the complaint, it is, for that reason also, defective.

We see no error in the proceedings below.

The judgment is affirmed, at the costs of the appellants.