Error.

_____

HELMS v. HELMS.

(Filed December 13 1904).

1.  DEEDS—*Conditions—Consideration.*

Where a deed conveys land in consideration of the support of the grantor for life by the grantee, and provides that the land shall stand good for such support, and if the grantee fails to support the grantor the deed shall be void, the support is not a condition precedent, but a condition subsequent.

2. ASSIGNMENTS—*Reversions—Remainders—Deeds.*

The bare possibility of a reverter under a condition subsequent in a deed is not assignable.

CLARK, C. J., and DOUGLAS, J., dissenting.

On a rehearing. Reported in 135 N. C., 164.

*Adams, Jerome & Armfield,* for the petitioners.
*Redwine & Stack,* in opposition.

CONNOR, J. We directed a rehearing of this case upon the question raised by the defendants' exception to the refusal to submit the issue in regard to the alleged mistake of the parties and draughtsman in failing to insert in the deed certain parts of the contract. We have examined the authorities with care, and, with all possible deference to the learned gentlemen of the bar who differ from us, we are unable to see any error in our former decision. The counsel thus clearly state their contention: "Suppose the words alleged to have been omitted were actually in the deed, then we would have the stipulation that the deed is made in consideration of the support during the natural life of the party of the first part by the party of the second part, * * * and it is further understood and agreed between the parties that the above land shall *stand good* for the support and maintenance of the said Elmira Helms during her natural life, and if the said W. L. Helms fails to support her, then this deed is to be *void.*" This, they say, would clearly express the intention that the support was a condition precedent. We think that the contrary intention is manifest. The consideration is the support—the land is to "stand good," that is, to be charged with the support—and by the failure to support the grantor the deed is to be void. An estate is granted; apt and appropriate words are used for that purpose. The grantee is to do something in the future as the consideration. No words appropriate to making a condition precedent are used—as "if he shall support" or "provided he support"—but "in consideration of the support," that is, his undertaking to support. The charge is made, that is, the lands is to "stand good," be liable for, etc. Then follow the words, if inserted, "If he fails to support, this deed is to be void." These are apt words to create a condition subsequent. If no title was to pass then there was no necessity for declaring that the deed should be void.

In *Nicoll v. Railroad,* 12 N. Y., 121, the deed was made upon the express condition that the grantee should build a railroad track,   *   *   *   and the Court said that "This was not a condition precedent, as was argued by plaintiff's counsel, but a condition subsequent.   The fee vested at once subject to being divested on a failure to perform the condition." *Marshall, C. J.,* said: "If the act on which the estate depends does not necessarily precede the vesting of the estate, but may accompany or follow it, if this is to be collected from the whole instrument the condition is subsequent."   The deed is not made to take effect upon the happening of a certain event, but *in presenti,* and is to be divested by the grantee's failure to perform the condition.

Land was devised "provided a school-house is built." *Held,* a condition subsequent.   *Hayden v. Stroghton,* 22 Mass., 528.   To construe the language as creating a condition precedent would lead to the singular result of postponing the vesting of any title until Elmira Helms died; hence a failure to support her to the last moment of her life would prevent the estate vesting, because the rule is well settled that conditions precedent must be literally and punctually performed.   13 Cyc., 688.   We fail to find any authorities supporting the position that such language creates a condition precedent.

While it is true that the intent must control, it is equally true that the intent must be gathered from the whole instrument.   The defendants' counsel say, however, that the doctrine that none but the grantor can take advantage of the breach of the condition is no longer law.   We find in 13 Cyc., 689, the law laid down as held by the Supreme Court of the United States as late as 1878: "If the condition subsequent is broken, that did not *ipso facto* produce a reverter of the title.   The estate continued in full force until the proper step was taken to consummate the forfeiture.   This could be done

only by the grantor during his life-time and after his death by those in privity of blood with him. In the meantime, only the right of action subsisted and that could not be conveyed so as to vest the right to sue in a stranger." *Rush v. Rock Island,* 97 U. S., 613; 1 Jones on Conveyances, 728; *Nicoll v. Railroad, supra,* where the question is discussed and decided. But where a fee-simple without a reservation of rents is granted upon a condition subsequent, as in this case, there is no estate remaining in the grantor. There is simply a possibility of reverter, but that is no estate. There is not even a possibility coupled with an interest, but a bare possibility alone. It has been said that such possibilities were assignable in equity, but those were interests of a very different character. *Chancellor Kent* says: "A court of equity will never lend its aid to divest an estate for the breach of a condition subsequent." 4 Kent Com., 130.

While it is true that contingent interests and choses in action are assignable in equity, and under our Code actions may be brought in the name of the assignee, we find no case holding that a bare possibility of reverter comes within this principle. We have carefully examined the case of *Cross v. Carson* and notes, 44 Am. Dec., 742, and find nothing therein inconsistent with the trend of authority on the subject.

The petition to rehear must be dismissed.

Petition Dismissed.

CLARK, C. J., dissenting. The written agreement was that the "lands shall stand good for the support and maintenance of said Elmira Helms during her natural life." This shows that the intention was that the land should stand good for Elmira's benefit. While inartificially drawn, it would seem clear that the title was not finally and irrevocably to pass from her, and the lands were not to become the property of the grantee, until that condition precedent had been com-

137——14

plied with. Otherwise the lands could not "stand good" to secure her maintenance. This was but prudence, and the grantor evidently intended to be prudent by holding her grasp on the land till the consideration had been paid. Till then the lands "stood good," were still hers, notwithstanding prior words of conveyance, till the promised maintenance for her life-time had been furnished. There is nothing unusual in this. Mortgages and deeds retaining vendor's liens are similarly written to retain a similar security. If the parties did not intend this, but that the grantee should get a full title, with no remedy to the grantor upon a breach but a lawsuit, would this have been ordinary prudence on her part? And why, if such was the agreement, did the grantee not take possession?

Surely the issue should have gone to the jury to ascertain whether or not, by mistake of parties and the draughtsman, words to make this meaning clear had not been omitted. The issue is presented upon the pleadings and the defendant has a right to have it passed upon by the jury. There was evidence offered that the deed had never been delivered, and that the plaintiff so admitted. That, coupled with the fact that the grantee did not take possession, was some evidence that the deed was not as favorable to the grantee as now claimed, and that words which the parties intended to be in the deed and supposed to be there have been omitted by ignorance or mutual mistake. Evidence was offered and rejected at the instance of the plaintiff that he has paid nothing for this property. How the deed got upon record has not been explained. The grantee, having abandoned the contract, should not recover this land against the defendant, to whom grantor Elmira conveyed it subsequently, in consideration of a maintenance fully rendered.

No case more powerfully appealing to a court of conscience could be presented; and reasoning, which might be properly

based upon a technical and accurate use of words when written down by a skilled draughtsman, ought not to prevail against what is undeniably the right. A jury of "good men and true" should be allowed to pass upon the question whether the parties intended that the absolute title was not to pass till the support had been rendered, and whether by ignorance or mistake material words to express that intent were not omitted. The failure of the grantee to take possession and evidence tending to show non-delivery of the deed would be potent in that view.

In such circumstances as surround this transaction, subtle shades of meaning as to "conditions precedent" and "conditions subsequent," of which these parties doubtless never heard are but "as the small dust in the balance." Elmira knew naught of technical differences between conditions precedent and subsequent, but she had no intention of her land passing from her till the consideration, her life support, had been paid for it. Whether a condition in a deed or will is a precedent or subsequent one depends upon the intention of the grantor or testator to be gathered from the whole instrument. *Tilley v. King,* 109 N. C., 463. Whether they be precedent or subsequent is a question purely of intent, and the intention must be determined by considering not only the words of the particular clause, but also the language of the whole contract, as well as the nature of the act required and the subject-matter to which it relates. *Railroad v. Brewer,* 67 Me., 295.

The deed upon its face showed that the consideration was something to be performed in the future, and that the lands "stood good for the future performance of this consideration.". The lands therefore remained the property of the grantor, certainly at least until the grantee should accept the contract and trust, and he having failed to do this or to do anything toward carrying out his contract, and the grantor

having remained in possession so that no re-entry was necessary, the legal title of the grantee never became complete, and the grantor could make the subsequent conveyance.

The plaintiff, out of possession, suing to recover possession under the deed, the consideration of which is the subsequent support of the grantor, cannot recover without showing compliance with that agreement.

The case of *Driesbach v. Serfass,* 126 Pa., 32, 3 L. R. A., 836, is exactly on all-fours with this case. In that case Peter Berger made a deed to his niece, Mrs. Serfass, the consideration being the future support of the grantor. Mrs. Serfass and her husband entered into possession and carried out the contract until the death of Mrs. Serfass, after which her husband abandoned the premises and refused to carry out the contract. Berger, finding himself abandoned, made a similar deed to Driesbach who supported the grantor until his death. The heirs of Mrs. Serfass then brought an action to recover possession against Driesbach. The defendant on the trial offered to prove the failure of Serfass to carry out the contract to support, which evidence was excluded, the Court below holding that Mrs. Serfass took a fee in the land which descended to her heirs at law, and that Berger had no right to make a second conveyance to Driesbach, his only remedy being an action of covenant against Mrs. Serfass for non-performance. The Supreme Court of Pennsylvania in reversing this ruling says: "The right of Serfass to recover possession in this action depended upon whether the consideration agreed upon had been paid. Being out of possession he could not recover upon the contract unless he could show performance. . This he was not required to do. The defendant then proposed to take up the burden of proof that rested on the other side, and to show affirmatively the non-performance of the contract under which alone the plaintiff could recover. This evidence should have been admitted. It would

HELMS *v.* HELMS.

be contrary to the original intention of the parties, as well as against good conscience, to permit the vendee to recover the possession of land from his vendor, or one holding his title, without the possession of land from his vendor, or one holding his title, without rendering or offering to render the equivalent contracted for."

By the words "deed to be void," the grantor doubtless meant "to be void and of no effect" till the consideration was fully paid. This view was presented by the evidence offered and ruled out upon the plaintiff's objection. It should have been admitted. And if the defendant's pleading that the agreement was that "the deed should be void" technically construed means a "condition subsequent," it is in conflict with the whole tenor of the evidence offered, and the defense intended and the solemn interest of justice requires that the case should go back that the evidence may be admitted, and a "condition precedent" pleaded in more technical language, according to the clear intent of the defense set up.

DOUGLAS, J., dissenting. Where the law is in doubt, my mind naturally turns to the great equities of humanity. These are all on the side of the defendant. The plaintiff is seeking to recover land under a contract which he repudiated and for a consideration which he never gave. He is seeking to get something for nothing, and take the land away from those who have done what he should have done, and have paid what he should have paid. I concur in the dissenting opinion of the *Chief Justice.*