Conrad Muller et al., appellants,

*v.*

Nathan Weiss, respondent.

[Submitted November term, 1919. Decided March 1st, 1920.]

1. A contract to purchase land induced by material misrepresentations as to the restrictions to which the land is subject will not be enforced in equity.

2. The expression of an opinion as to the cost of excavation necessary to erect a building on the land contracted for is not sufficient to avoid specific performance, when both parties have an equal opportunity to judge of conditions and no representation of knowledge is made by the seller to induce the contract.

On appeal from a decree by the chancellor refusing specific performance of a contract to purchase land.

*Messrs. Weller & Lichtenstein,* for the appellants.

*Messrs. McDermott & Enright,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

This is an appeal from a decree advised by a vice-chancellor dismissing a bill of complaint filed for the specific performance of a contract to purchase land. The contract of purchase contained a provision that the conveyance would be made and accepted, subject to, *inter alia,* "all restrictions and covenants of record." When this was read to defendant, and before it was signed, he asked the complainant what the restrictions were, and he said that it only forbid the keeping of a saloon on the land. The proof shows that the deed by which complainants acquired title to a material portion of the land was subject to other restrictions which limited the use of the land to any building other than a dwelling-house to cost not less than $4,000, to be of a required height and to be arranged for not more than two families, or which may be constructed of brick and arranged in apartments not less than three stories in height and to be arranged for not more than three families. The vice-chancellor found that the defendant was induced to enter into this contract through the fraudulent misrepresentation of the complainant as to the character of the restrictions which encumbered the property, and we agree with his findings on this branch of the case. The complainant knew that it was the intention of the defendant to use the property for a large apartment-house of a character which would be antagonistic to the restrictions imposed by the deed to the complainant, and we are well satisfied from the evidence that the defendant would not have signed the contract if the complainant had truthfully informed him as to the restrictions. The remedy invoked by this appeal is discretionary.

It is not what must be done, but what in view of all the circumstances should be done, and where a contract is procured by fraud and its enforcement would be a manifest injustice, the court will refuse its aid. *Plummer* v. *Keppler, 26 N. J. Eq. 481; Ten Eyck* v. *Manning, 52 N. J. Eq. 47*. But the vice-chancellor went further and held that there was a fraudulent misrepresentation, sufficient to avoid the .contract, because on the night when the contract was signed, but before it was executed, the defendant asked the complainant whether he had ever made an estimate on taking out the rock to make the necessary excavation, and he replied that he had figures from two Italians for $1,500, and that the defendant replied that he was willing to spend $2,500 to get out the rock, and that he afterwards found out that it would cost $4,500. We do not think this was a fraudulent misrepresentation, but a mere expression of opinion based upon the representations of the Italians as to what it would cost. Both parties could see the land, each had an equal opportunity to judge the conditions, and there was no representation by the complainant that it could be excavated for $1,500. The vice-chancellor found this to be a misstatement by the complainant as to the cost of excavating the rock, but we do not think he was correct in saying that the statement about the cost of excavating was a sufficient misstatement to warrant a denial of specific performance.

The only other matter needing consideration is the effect of a release, by the former owner, of the restrictions contained in his conveyance to the complainants. The lots contracted to be conveyed were designated as Nos. 52, 53, 54 and 55, in block 2175, on a map of property of John G. Gerber, which was duly filed. These lots were conveyed to the complainants by John G. Gerber by two deeds, one conveying lots 52 and 53. subject to the restrictions above set out, and the other conveying lots 54 and 55, which contained a covenant by the complainants to use the premises for dwelling and store purposes, and not for manufacturing purposes. After the contract now sought to be enforced was executed, Gerber, by a deed of quit-claim to the complainants, released lots 52 and 53 from the effect of the restric-

tions imposed on them, and the complainants urge that this deed removed every restriction from all the lots and made the title marketable. The difficulty which this argument meets is, that when Gerber conveyed to the complainants he restricted the character of the use of the premises in a different manner as to each parcel, and it is not claimed that the release did, or was intended to, remove any restrictions as to lots 54 and 55, so, as to those lots, the release did not apply. There is another reason why this release cannot have the effect which the complainants urge, and that is it appears in the case that Gerber had sold, prior to this contract, to different persons, a number of lots designated on his map, subject to the same restrictions which he attempted to release, and he cannot in such manner release the rights of former purchasers to enforce a restriction made, presumably, for their benefit and as a part of the inducement for their purchase. The release of Gerber would not destroy the right of prior buyers to the benefit of a general scheme, nor relieve the defendants from the possibility of law suits by such owners to enforce such restrictions. Except as to the effect of the representations as to the excavation the vice-chancellor was clearly right, and the decree should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.