### MARTHA J. HOLLOWELL v. JAMES H. MANLY.

(Filed 3 March, 1920.)

1. **Deeds and Conveyances—"Heirs"—Fee Simple—Title.**

   A conveyance in trusts, made before 1879, which purports to convey the whole estate and interest of the grantor in lands in trust to the *cestui que trusts,* is of the fee simple title, though there are no words of inheritance associated with the beneficiaries.

2. **Estates—Contingent Remainders—Deeds and Conveyances—Wills—Life Estates—Trusts—Naked—Estates—Title—Contingencies.**

   Upon a conveyance in trust to the sole use and benefit of the wife of H. during her life, and at her death to the surviving children of her marriage with H., and in case she should die leaving no child, "then in that case the property in this deed conveyed shall be held and owned by her hus-

band," H., and H. has died leaving his wife surviving without child of the marriage, and by will has given her "all the property of every description, both real and personal, that he may die possessed of": *Held,* the wife was entitled to an equitable life estate in the lands under the deed; to a contingent interest in fee under her husband's will, Rev., 3140, and the trust having become a passive one, both the legal and equitable title united in her, and her conveyance passed the fee-simple title to the lands.

APPEAL by defendant from *Bond, J.,* at the January Term, 1920, of WAYNE.

This is an action to recover the purchase money of a certain lot which the plaintiff contracted to sell to the defendant, and which the defendant agreed to buy, the defendant refusing to accept the deed of the plaintiff and pay the money, upon the ground that she could not convey the land in fee.

The lot of land formerly belonged to William T. Griffin, who, on 8 December, 1876, conveyed the same to A. B. Chestnut and his heirs upon the following trust:

"To have and to hold the within conveyed town lot upon the following conditions, and for the following uses and purposes, for the sole and separate use and benefit of Martha J. Hollowell, wife of James Hollowell, exclusive of the contract of her husband, or of any contract or liability that he may at this time be bound, or for any future contract or liability, but to be held for her sole and separate use and benefit during her life, and, at her death, to such children as she may leave surviving her, begotten of her present marriage, and to the issue of such as may be dead, such issue to take such share as the parent would have taken if living; and in case the said Martha J. Hollowell should die leaving no child surviving her, then in that case the property in this deed conveyed shall be held and owned by her husband, James M. Hollowell."

The plaintiff is the Martha J. Hollowell named in said deed, and she is now eighty-five years of age, and no children have ever been born of her marriage with James M. Hollowell, who died in 1912, leaving the following will:

"I give to my beloved wife, Mattie J. Hollowell, all the property of every description, both real and personal, that I may die possessed of.

"I desire that my wife shall pay my burial expenses and all other just debts that I may die owing as soon as convenient, out of any moneys or other property that I may own at my death."

The plaintiff has tendered to the defendant a deed conveying said lot, which he has refused to accept upon the ground that her title was defective.

His Honor held that the plaintiff was the owner in fee of said lot, and rendered judgment against the defendant for the purchase price thereof, and the defendant excepted and appealed.

*Langston, Allen & Taylor for plaintiff.*
*Hood & Hood for defendant.*

ALLEN, J.   The deed under which the plaintiff claims conveys the fee-simple estate to the *cestui que trust,* although executed prior to 1879, and there are no words of inheritance associated with the beneficiaries, because it purports to convey the whole estate and interest of the grantor in trust for the *cestui que trust.*

A similar deed was construed in *Holmes v. Holmes,* 86 N. C., 207, in which the Court, although recognizing the principle that the word "heirs" was ordinarily necessary to convey a fee simple in an equitable as well as a legal estate, says:   "The language of the instrument is— 'to W. C. Bettencourt, etc., and their heirs, or the survivor of them, in trust for Sarah Moore.'   The whole estate and interest of the bargainor passed to the trustee, and everything they took was charged with the trust in favor of the plaintiff.   The trust was certainly intended to be coextensive with the legal estate, and as the one is in fee, so was the other intended to be, and so must we consider it to be."

It is also clear that the grantor in the Griffin deed had in mind Martha J. Hollowell, the children born of her marriage with James M. Hollowell, and James M. Hollowell, and that he intended to make provision for them, and for no other person or class, and if so, it conveyed an equitable estate to Martha J. Hollowell for life, and in the event she died leaving children born of her present marriage, to them in fee, and if she left no such children, to James M. Hollowell in fee.

This construction of the deed gives James M. Hollowell a contingent interest in the land which would pass by devise.

The Revisal, sec. 3140, provides that "Any testator may dispose of all real or personal estate which he shall be entitled to at the time of his death, and the power hereby given shall extend to *all contingent, or other future interest* in any real or personal estate, whether the testator may or may not be the person, or one of the persons, in whom the same may become vested, or whether he may be entitled thereto under the instrument by which the same was created, or under any disposition thereof by deed or will," and it was held in *Kornegay v. Miller,* 137 N. C., 659, that a conveyance of a contingent interest for a nominal consideration vested an equitable title.

This last case is approved in *Beacom v. Amos,* 161 N. C., 367; *Hobgood v. Hobgood,* 169 N. C., 490; *Smith v. Witter,* 174 N. C., 618, and in other cases, the Court saying in the last case:   "It is also established that contingent interests, such as those before us, will pass by deed," and if by a deed, certainly by a devise under the statute we have quoted.

Does, then, the will of James M. Hollowell pass this interest to his

wife? It purports to devise all of the property of J. M. Hollowell, real and personal, of which he was possessed, and in *Brantly v. Key* 58 N. C., 337, the Court, speaking of similar words in a devise, says: "The words are, 'all the estate or property which *she now possesses*.' 'Possesses' is frequently used in the sense of 'own,' 'entitled to'; and although the word 'now,' in connection with the fact that Mrs. Brantly's title was subject to a life estate, raises a doubt whether it was not intended to exclude the property to which she was only entitled in remainder, still the fact that there was no motive for not including in the settlement all the property or estate which she owned, inclines us to the conclusion that she did intend to convey all that she owned, in which sense 'possesses' was used," and in *Pate v. Lumber Co.*, 165 N. C., 187: "A conveyance of 'all the property I possess,' where there is no apparent motive for making an exception, conveys all property the party owned."

These two authorities seem to be conclusive, but others which sustain the position are *Hurdle v. Outlaw*, 55 N. C., 79; *Page v. Atkins*, 60 N. C., 270; *Detroit v. Moran* (Mich.), 7 N. W., 180; *Whitehead v. Gibbons*, 10 N. J. Eq., 230; *Hemmingway v. Hemmingway*, 22 Conn., 462.

The result of the last case as reported in 6 Words & Phrases, 5464, is as follows: "A devise of 'all my estate which I shall die possessed of' includes all the property of which he died the owner, the word 'possessed' being used to denote ownership, and not merely personal or corporeal occupation. *Hemmingway v. Hemmingway*, 22 Conn., 462, 472."

The case of *Church v. Young*, 130 N. C., 9, which is relied on by the defendant, is not in point, because there the Court was dealing with a possibility of reverter, which is not assignable, and not with a contingent interest, as in this case, which can be transferred by deed or devise.

"32 Henry VIII. No person could, at common law, take advantage of a condition except such as were parties or privies thereto. But this was remedied by a statute which gave the same rights to the grantee of a reversion as the grantor or lessee had. But note that this statute was confined to reversions strictly, and did not extend to a mere possibility of reverter, which arises where there is a conveyance in fee with the condition subsequent, that the estate shall be void upon a certain event, no beneficial interest being reserved to the grantor or devisor or his heirs. Thus, an estate to a railroad corporation in fee to be void unless the road be completed by a certain time leaves no reversion in the grantor, but a mere possibility of reverter, which is not assignable, and the condition can be enforced by the grantor and his heirs, but not by his devisee or assignee." 1 Mord. Lectures, 559.

"While it is true that contingent interests and choses in action are assignable in equity, and under our Code actions may be brought in the

name of the assignee, we find no case holding that a bare possibility of reverter comes within this principle." *Helms v. Helms,* 137 N. C., 209.

We are therefore of opinion that no children having been born of the marriage, the plaintiff was entitled to an equitable life estate, under the will, and her husband, James M. Hollowell, to a contingent interest in fee, which passed to the plaintiff under his will, and that she is now the owner in fee of both the legal and equitable estate, as the trust has become passive, and there are no longer any duties for the trustee to perform.

Affirmed.