### W. E. SHARPE AND C. V. SHARPE v. NORTH CAROLINA RAILROAD COMPANY.

(Filed 28 October, 1925.)

**Injunction—Equity—Deeds and Conveyances—Reverter—Estates.**

> Where a deed to lands is given upon condition that it shall be forfeited and revert to the original owner if or when used for certain immoral or unlawful purposes, in a land development with other like grantees, a deed from the original owner removing these conditions releases the mere right of a bare possibility of reverter not assignable at common law, and is not subject to be enjoined in equity by those who have purchased the lands under deeds having similar provisions.

APPEAL by plaintiffs from ALAMANCE Superior Court. *Grady, J.*

Action by plaintiffs against defendant for damages on account of release of defendant's rights in reversion clause and for injunction

against further releases. From a judgment in favor of defendant sustaining its demurrer, plaintiffs appealed. Affirmed.

Plaintiffs allege that they own a lot of land in the city of Burlington, which is a part of a larger parcel of land conveyed by defendant to one Fonville; that defendant's deed to Fonville contains the following:

"That if the said Lindsey J. Fonville, his heirs or assigns, shall hereafter establish, keep up or maintain, or suffer to be established, kept or maintained, or shall rent or lease said lot to any person who shall establish, keep up or maintain any house of ill-fame or house for the sale of spirituous or fermented liquors or for any species of gaming on said lot or any part thereof, then and in that case their right, title and property in and to the lot aforesaid shall be forfeited and revert to the North Carolina Railroad Company."

Plaintiffs further allege that one Qualls owns a lot adjoining plaintiffs' lot, which is also a part of the Fonville purchase from the defendant; that defendant's tract was known as lot No. 132 in the map and plan of the city of Burlington; that both the plaintiff and Qualls hold their respective lots under Fonville, who purchased lot No. 132 from the defendant.

That defendant, at one time, owned the land on which the business section, and a good portion of the residential section of the present city of Burlington is now located; that in selling such property defendant followed a general plan under which it placed the restrictions, as appear in the Fonville deed, on the use of such property as protection to the purchasers, their heirs and assigns, and for its own benefit, and that stipulations, as set out in the Fonville deed, were inserted in all of the defendant's deeds for Burlington land executed prior to the year 1903, and that it was generally understood by the people of Burlington, including the plaintiffs, that such clause was inserted as a restriction on the use of the property as a part of the general plan of development.

That plaintiffs purchased a lot from Fonville with knowledge of this restriction.

That defendant has recently executed and delivered to Qualls a deed whereby it "hath waived, released and quit-claimed and by these presents doth waive, release and quit-claim unto the said party of the second part (Qualls), or his heirs and assigns, any and all interest of the said party of the first part which arises or may arise by virtue of the reversion clause," set out in the Fonville deed; and in the habendum the land is to be held "free from any claim of reversion which now exists or might arise by reason of the reversion clause" in the Fonville deed. That the defendant was about to execute other deeds making like re-

leases, and that plaintiffs had suffered damages on account of the Qualls release, and would suffer irreparable damages if others were permitted.

The defendant demurred for that the complaint does not state facts sufficient to constitute a cause of action, for that the release complained of was within the defendant's legal rights, and that the defendant is under no obligation, expressed or implied, to the plaintiffs against the releasing of its interest in the reversion clause described in the complaint, and that, therefore, it is liable to the plaintiffs for no damages, and that plaintiffs have no equity to restrain the defendant from executing further releases from this reversion clause.

Upon a hearing of this demurrer, judgment was rendered in favor of the defendant sustaining the demurrer, and dismissing the action with costs. Plaintiffs excepted and appealed.

*Dameron, Rhodes & Thomas for plaintiffs.*
*J. Bayard Clark, Coulter, Cooper & Carr for defendant.*

VARSER, J. The North Carolina Railroad Company, by virtue of the last clause of the quoted stipulation in the Fonville deed, had a mere possibility of reverter. The reverter will not take place unless there is a violation of the restrictions named as to the use of the granted premises. The provision plainly shows that the reverter can only operate to revest the title in the North Carolina Railroad Company and not in the plaintiffs or others similarly interested under deeds with the same provisions.

This bare possibility of a reverter under a condition subsequent is not assignable at common law. The same rule now prevails in this State. *Helms v. Helms,* 137 N. C., 206; *Ruch v. Rock Island,* 97 U. S., 693; *Nicoll v. R. R.,* 12 N. Y., 121; Mordecai's Law Lectures, 559. A mere possibility of reverter was not included in 32 Henry VIII, but this statute applied to a reversion which was an estate in land. This bare possibility may not be devised or conveyed, but may be released. *Church v. Young,* 130 N. C., 8; *Hollowell v. Manly,* 179 N. C., 262, 265; *Helms v. Helms, supra; Blue v. Wilmington,* 186 N. C., 321, 324. Such provisions providing for a forfeiture upon breach of condition subsequent create a determinable fee. Many courts, since the passage of the statute of *Quia Emptores,* question the possibility of such an estate, for that the whole fee is granted and there is no estate in reversion left in the grantor, and, therefore, nothing to support the right of reverter. Tiffany on Real Property, 336; Gray on Perpetuities, 774, 778; *Collier v. Walters,* 17 L. R. Eq., 252. However, the majority of the earlier writers on real property and many states in

this country, including North Carolina, have frequently recognized its existence. Tiffany on Real Property, 337; *Burlington & C. R. Co. v. Colorado R. Co.*, 38 Col., 95; *Loomis v. Heublien*, 91 Conn., 146; *Gibson v. Hardaway*, 68 Ga., 370; *Friedman v. Steiner*, 107 Ill., 125; *Aldred v. Sylvester*, 184 Ind., 542; *Ry. Co. v. Des Moines* (Iowa), 159 N. W., 450; *Pond v. Douglas*, 106 Me., 85; *Reed v. Stouffer*, 56 Md., 236; *First Universalist Soc. v. Boland*, 155 Mass., 171; *Board of Cumberland Co. v. Buck*, 79 N. J. Eq., 472; *Leonard v. Burr*, 18 N. Y., 96; *Slegel v. Lauer*, 148 Pa. St., 236; *Halifax Congregational Soc. v. Stark*, 34 Vt., 243; Gray on Perpetuities, paragraphs 31-40; *Hall v. Turner*, 110 N. C., 292; 3 Blackstone, 192. Hence, this possibility of reverter to the defendant upon breach of the condition subsequent exists only for defendant's benefit, and it has the full right and power to release or to estop itself from asserting the reverter. An instrument of writing under seal is an appropriate method to effect a release or to create such an estoppel, which is commonly called a waiver. *Huntley v. McBrayer*, 172 N. C., 642; *Harwood v. Shoe*, 141 N. C., 161; *Ruch v. Rock Island, supra; Sharon Iron Co. v. City of Erie*, 41 Pa. St., 341; *Ludlow v. Ry.*, 12 Barbour, 440; *Hubbard v. Hubbard*, 97 Mass., 188; *Chalker v. Chalker*, 1 Conn., 79; *Judd v. Robinson*, 41 Colo., 222; Tiffany on Real Prop., (2 ed.), 295; *Richburg v. Bartley*, 44 N. C., 418; *Brittain v. Taylor*, 168 N. C., 271; *Stamper v. Stamper*, 121 N. C., 251.

If, however, the clause in the Fonville deed, which is affected by the deed of release to Qualls, is a restrictive covenant coupled with a condition subsequent, and if the plaintiffs, or other landowners, have acquired an interest in the performance of the restrictive covenants in the Fonville deed, then the release, on the part of the defendant, does not disturb the plaintiffs and does not impair their right to injunctive relief against adjoining landowners to prevent or restrain a breach of these covenants. *Bohm v. Silberstein* (Mich.), 189 N. W., 899; *Muller v. Weiss*, 108 Atl., 768, affirmed in the Court of Appeals, 109 Atl., 357; *Goulding v. Phinney*, 125 N. E., 703; *Baker v. Lunde*, 114 Atl., 673.

We are of opinion, and so hold, that the release by defendant to Qualls does not affect the provision in the Fonville deed, further than a release of the possibility of reverter may affect it, and since the plaintiffs have no legal interest in this reverter, they cannot maintain this action; and the court below was right in sustaining the demurrer. Whatever may be the plaintiff's rights in equity to restrain the commission of the acts mentioned in the Fonville deed is not now before us, and, therefore, not decided.

The judgment appealed from is
Affirmed.