Staward, J.
The deed from John Pownal senior to his nephew John conveyed the land therein mentioned to the grantee, and the provision of that deed by which it is declared that the property thereby conveyed should be subject nevertheless to the maintenance of the grantor and his sister Elizabeth, did not operate as a condition under which the grantor could, on the failure of the grantee to furnish the maintenance which he had stipulated to furnish to the grantor and his sister, lawfully reenter on the land and revest in himself the legal title therein. This and other provisions of the deed import no more than that the property should be and remain charged as a security for the due performance of the *180 grantee’s covenant to furnish maintenance. Such is the only rational interpretation of the provision that the property should be subject to the maintenance and support, and bound therefor, into whosesoever hands it might come. Such language imports a lien on property in the hands of the grantee and his assigns, not a condition by which the title to that property is to be extinguished, and with it the lien thereon.
The special verdict finds that the deed of trust of the 4th of October 1825, from John Pownal junior to : Everest, was duly recorded, but does not specify the time of recording; and it is objected that as the statute does not prescribe any time for the recording of such instruments, but deprives them of efficacy against creditors and subsequent purchasers without notice until recorded, no sufficient title is shewn under that deed to overreach the rights derived under the subsequent deeds of John Pownal junior and John Pownal senior. The jury having found that the deed was duly recorded, in a case in which the antagonist title depends on a subsequent conveyance from the same grantor, the argument is very strong to support the proposition that the necessary intendment from such a finding, or rather that the only interpretation of such a finding, is that the recording took place before the subsequent deed was executed ; that the recording found by the jury of this deed must be considered as found in relation to the hostile claim asserted under the subsequent deed, and that the only sense in which it could be duly recorded in respect to the subsequent conveyance is, that it has all the efficacy in respect to the subsequent conveyance that could be derived from recording it. I however give no final opinion on this point. The most that could be made out of the objection would be to render the verdict in this respect ambiguous, and a venire de novo necessary. But this result ought not to take place here. The jury find the deed in hcec verba, and it appears that the deed so *181 found, and in evidence before the jury, has on it the clerk’s official certificate of the fact and time of recording. I see no valid objection to a reference by the court below, or by this court, to that certificate, to ascertain the date of the recording of the deed, for the. purpose of removing the ambiguity, if any, which the finding that the deed was duly recorded leaves in respect to the date of the recording.
It is objected that the conveyance made by Everett to the purchaser at the sale under the deed of trust is nugatory, because the land at the date of the conveyance was in the possession of the grantee of John Pownal senior, and such possession, it is contended, was adverse, and disabled the party out of possession from conveying. The effect of this objection, if available, is not to protect any right shewn to be in the objector, but to disable the party having the title from conveying it. It should therefore distinctly appear to be warranted by the finding of the jury. It is a sufficient answer to this objection to say that the verdict does not find that the possession of the plaintiff in error was an adverse possession. His possession simply is found, and it is not fit that he should be allowed to say that the act which may be rightful, and is not found to be otherwise by the verdict of the jury, is tortious, for the purpose of frustrating the otherwise effectual conveyance of the party having title. The most that can be said is, that on the facts found, the jury might have found the possession to be adverse. This however has not been done, and it is at least problematical whether it ought to have been done. The possession, of John Pownal junior after the deed of trust was not tortious, nor could he have alleged it to be so, to disqualify the trustee from conveying. He was tenant at sufferance, and his possession was consistent with the right conveyed by the deed of trust. The possession of those coming in under him with notice of the deed of trust, was impressed with the *182 same attributes, and had the jury been asked to find expressly that their possession was adverse, it would have been indispensable to shew that that possession was obtained without notice of the deed of trust. Newman v. Chapman, 2 Rand. 93. Even this fact of want of notice is not found, if it could properly have been found in the face of the fact that the deed of trust had been duly recorded some weeks before the subsequent conveyances were executed. The entry of Everett to make the sale does not appear by the verdict to have been opposed, nor his title to make it controverted, by the occupants of the land, and their possession thereof is not found to be adverse, or in hostility to the right so asserted and exercised by him. There'is no doubt of the correctness of the proposition that though the occupant trace his title to the grantor under whom the plaintiff in ejectment claims, he may shew that his possession is adverse, so as to enable him to take the benefit of the statute of limitations, and, under particular circumstances, to disable the party evicted from conveying. But no such case is found by this verdict, and I am therefore of opinion that the objection to the efficacy of the conveyance from Everett is not well founded.
On the whole, I am of opinion to affirm the judgment of the circuit superior court, with costs.