PcARsoy, J.
 

 The defence relied on is, that the title of the plaintiff, derived under Frazier and Davidson, to whom the land was granted in
 
 1797,
 
 had been divested by the act of 1842, ch. 36, sec. 1.
 

 •• To this the plaintiff replies: first, supposing the act of 1842, to be constitutional, no proceeding had been taken, nor had the President and Directors of the Literary Fund in any way made an election to divest the plaintiff’s title by force of this Statute. Second, the Statute is unconstitutional.
 

 - Our opinion being very clearly with the plaintiff on the fii-st point, we shall not enter into the consideration of the second, for the reason, that we deem it disrespectful to the legislative branch of the Government to call in question the constitutionality of the Statute, unless the decision of the cause make it necessary to do so.
 

 The first section of the act provides, “that where a grant of Swamp Land had been obtained from the State and the
 
 *199
 
 grantee, his heirs, or assigns have not regularly listed the same for taxation and paid- the taxes due thereon, they shall forfeit and lose all right, title and interest in said land “and the same shall
 
 ipso facto
 
 revert to and be vested in the State, unless such grantee, his heirs, or assigns shall, in twelve months from the passage'of this act, pay to the Sheriff of the county, in which the land lies, all the arreare-ges of taxes due on the said lands, with lawful interest thereon from the time the said taxes ought to have been paid.”
 

 The second section provides, that the land, to which the State shall become entitled under this act, “shall be and hereby is vested in the President and Directors of the Literary Fund of North Carolina.”
 

 Admit, that this act has the force of inserting in the original grant a condition, that, if the taxes are not paid when due, but shall at any time be in arrear, “the land shall
 
 ipso facto
 
 revert to and be vested in the State;” according to the well settled principles of law, if the taxes were in arrear at any time, the estate created by the grant would not be defeated and revert to the grantor, unless some solemn act was done by which to enforce the condition. For the estate having commenced by a solemn act, viz:
 
 a grant,
 
 must be defeated by an act equally solemn, upon the maxim of the common law,
 
 “eo ligamine quo
 
 lig-
 
 atur.”
 

 If a feudal tenant failed to perform the services, his estate was not defeated until the lord had judgment in a writ of
 
 cessavit.
 
 If a subject incurs , a forfeiture by committing treason, his estate is not defeated until “office found.” If a feofment is made on condition, and the condition be broken, the estate continues until it is defeated by the entry of the feoffor or his heirs. Coke on Lit., Chapter on conditions.
 

 The law books teem with cases fixing the principle, that an estate once vested cannot be defeated by a condition or forfeiture, without some aqt on the part of the grantor
 
 *200
 
 or his heirs, by which to take advantage of the condition or forfeiture, even when the words of the condition are “the estate shall therefore be void and of no effect;” which words have the same legal import as
 
 “ipso facto
 
 void.”
 

 • In this act, after the emphatic declaration, that the land shall
 
 ipso facto
 
 revert t& and be vested in the State, there is the qualification,
 
 “unless,
 
 such grantee, his heirs, or assigns shall within twelve months pay the taxes &c.”
 

 This shows conclusively, that it was contemplated to have., some proceeding on the part of the State or its assignees, the President and Directors of the Literary Fund, so as to give to the grantee, his heirs, or assigns “a day in Court”— an opportunity to show, that the arrearages of taxes had in fact been paid within the year.
 

 Our opinion, therefore, is, that, "as neither the State nor its assignees, the President and Directors of the Literary Funds had taken any proceedings or in any way signified an election to defeat the estate of the. plaintiff, the estate was still m him, and he was well entitled to maintain this action.
 

 - This conclusion is confirmed by the fact, that the Legislature in 1850 passed an act, declaring, that the act of 1842 shall be applicable to those swamp lands only, which have been surveyed and taken possession of by the President and Directors of the Literary Fund, or their agent; Ch. 52 Sec. 2.
 

 Without admitting that the Legislature has the right to say what the law was, or what it is, and supposing its province is to say, what shall be the law, see
 
 Houston, v. Bogle
 
 10 Ire. 496, we are gratified to find, that there is this concurrence of opinion, as to the true construction of the act of 1832.
 

 The Judge below was of opinion with the defendant.— There is error.
 

 Per Curiam. Judgment reversed, and a
 
 venire de novo.