This is an action in the nature of ejectment to recover the land described in the complaint, upon the theory that the ancestor of defendants, John G. Taylor, had forfeited his right and title thereto by reason of his breach of the following stipulation in the deed made to him for the land by the ancestor of the plaintiffs, Margaret Taylor: "The said deed is made on this special trust: That the said John G. Taylor is to feed, clothe, and kindly care for the said Margaret Taylor all of her natural life, and should the said John G. Taylor fail to feed, clothe, and kindly care for the said Margaret Taylor, then this deed is to be null and void." The defendant demurred to the complaint, upon the ground that the stipulation is a covenant and not a condition, for the breach of which the estate was forfeited and reverted to the grantor; that the complaint fails to state that Margaret Taylor ever insisted upon the breach as a forfeiture, by act or conduct, during her lifetime, or attempted to avail herself of it, and that she had, therefore waived the same, and no right now exists in her heirs to take advantage of the breach, and that for these reasons plaintiffs cannot maintain this action. The demurrer was *Page 340 
overruled, and defendants appealed. This fairly states the several contentions of the defendants.
The stipulation in the deed for support and maintenance is not like those found in the cases to which the learned counsel for defendant has referred in his brief and argument, such as Helms v. Helms, 135 N.C. 164;McCardle v. Kennedy, 92 Ga. 198 (44 Am. St., 85), and Pownal v.Taylor, 10 Leigh, 172 (34 Am. Dec., 725), where the stipulation merely for support and maintenance of the grantor, or some one else, with no words of strict condition or forfeiture was held to be nothing more than a covenant, for the breach of which damages could be recovered, and constituted a charge upon the land. But this provision is not of that kind, for it is expressly stated in the deed that if the grantee failed to comply with the requirement of support and maintenance, the deed should be "null and void." This is a condition subsequent by its very terms, and also (273) according to the authorities. In the case relied on by appellant, Helms v. Helms, supra, the provision, held to be merely a covenant, was for support and maintenance, without any words of forfeiture in case it was not complied with, and the defendant sought to reform the deed by inserting those words, but the proof failed to show that they were intended to be inserted therein and were omitted by fraud or mistake, and an issue upon that phase of the case was denied; but this Court added: "If the deed had contained the words suggested, they would have constituted a condition subsequent." It is said that if something is required by the deed to be done, such as services to be performed, rent to be paid, or divers other undertakings by the grantee, and there be added a conclusion of reentry, or without such clause if it is declared that if the feoffee does or does not do the act forbidden or required of him to be done, "his estate shall cease or be void," it creates a good condition subsequent. Washburn on Real Property (5 Ed.), pp. 4 and 5; Sheppard's Touchstone, 125; Moore v. Pitts, 53 N.Y. 85; Schulenberg v.Harriman, 21 Wall. (U.S.), 44. It was so expressly held in Jackson v.Crysler, 1 Johns. Cases (N. Y.), 125. The case of Harwood v. Shoe,141 N.C. 161, virtually recognizes that the words used here will create a good condition subsequent. An estate or condition expressed in the grant or devise itself is, where the estate granted has a qualification annexed, whereby it shall commence, be enlarged, or defeated upon performance or breach of such qualification or condition, and estates on *Page 341 
condition subsequent are defeasible, if the condition be not performed. 2 Blackstone Comm., 154; Co. Litt., 201. The words which constitute a condition may be various for in particular words there is no weight, as their operation and effect depend on the sense which they carry. 1 Ves., 147; Wheeler v. Walker, 2 Conn. 196. In the construction of contracts and deeds that method should be followed, if practicable, which will give effect to every part. This rule, like others, has been adopted and applied by the courts for the purpose of ascertaining the intention of the parties, and results from the presumption that words are not employed in making contracts without meaning something.Moore v. Pitts, supra. The language of the deed under consideration leaves no doubt as to what the parties intended. It is plain, intelligible, and explicit. The grantor conveyed the estate upon the condition that she should be supported, and provided, in order to coerce its performance, that if the grantor failed to do so the deed should be void and of no effect, which means no more nor less than that the estate should cease in the grantee and revest in her; for if the deed becomes void, the grantee can no longer take under it, and as the estate cannot be in abeyance, it must vest in the grantor. It has been said to be not always easy to determine whether the condition created by the words of a devise or conveyance is precedent or subsequent. The construction must depend upon the intention of the parties as gathered from the (274) instrument and the existing facts, since no technical words are necessary to determine the question. In Underhill v. S. and W. R. Co., 20 Barbour (N. Y.), 455, the Court states as a rule that "if the act or condition required does not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed, and the time required for its performance, it is evidently the intention of the parties that the estate shall vest and the grantee perform the act after taking possession, then the condition is subsequent." There is this familiar distinction between a condition precedent and a condition subsequent: If the condition is precedent, inasmuch as the estate does not vest at all until such condition happens, the effect of its being unlawful or impossible is that the estate dependent on it fails, and the grant or devise becomes wholly void; and where a condition precedent consists of several parts united by copulative conjunction, each part must be performed before the estate can vest. A condition subsequent, if it has any effect, defeats an estate already vested; but if such condition is impossible or unlawful at the time of creating the estate, or becomes impossible by the act of the feoffor or the act of God, it leaves the estate an absolute and unconditional one, since it is the *Page 342 
condition itself that is or becomes void. 2 Wn. on Real Property, pp. 8 and 11. But there is no question made here as to the validity of the condition in this deed, and it being admitted by the demurrer that the grantee failed to perform his obligation to support the grantor, the estate was forfeited, at the election of the grantor.
Formerly, and at common law, it was held that actual entry upon the land was necessary, upon the idea that as the estate was created by a solemn act, viz., a grant and livery of seizin, it must be defeated and restored to the grantor by an act equally solemn, under the maxim of the common law,eo ligamine quo ligatur. If a feudal tenant failed to perform the services, his estate was not defeated until the lord had judgment in a writ ofcessavit. If a subject incurs a forfeiture by committing treason, his estate is not defeated until "office found." If a feoffment is made on condition and the condition be broken, the estate continues until it is defeated by the entry of the feoffor or his heirs. Coke on Lit., chapter on "Conditions." But the grantor cannot enter or make claim when already in possession. Rollins v. Riley, 44 N. H., 1.
A party, for whose benefit a condition subsequent is attached to a devise of land, being in possession at the time of the breach, is presumed to hold for the purpose of enforcing the forfeiture, though he may waive it. "The law will presume that a person who cannot make a formal entry upon the estate of another for condition broken, because he (275) is already in possession, intends to hold possession to enforce all his legal rights, unless there be some indication that such was not his intention, by which the presumption of law may be rebutted. When the facts disclosed are inconsistent with a claim to hold for condition broken, the presumption will be rebutted, or the person entitled to make an entry will be considered as having waived a performance of the condition. Forfeitures are not favored by the law; and any acts of the party entitled to cause a forfeiture, clearly inconsistent with a claim to be the owner of the estate by forfeiture, must be regarded as proof that performance of the condition was not intended to be enforced for the purpose of creating a forfeiture." Andrews v. Senter, 32 Me. 394. When the grantor conveyed his estate, he parted with the seizin, which, under the ancient law, he could only regain by an entry made. But this view has long since ceased to obtain, and any act equivalent to an entry is now considered as sufficient in place of an entry, and numerous cases hold that a possessory action may be maintained upon the breach of a condition subsequent without a prior reentry or demand of possession, such an action being equivalent thereto. Bronck v. Cryster, 1 Johns. Cases, 125, and the many cases collected in the note to Marsh v. Bloom, 14 L.R.A. (N.S.), p. 1188. In Phelps v. Chesson, 34 N.C. 194, *Page 343 
where land was claimed to have been forfeited and to have reverted to the State for nonpayment of taxes, an action was held sufficient without any entry. But if entry were required, a learned text-writer says in regard to it: "If the grantor is himself in possession of the premises when the breach happens, the estate reverts in him at once without any formal act on his part, and he will be presumed, after the breach, to hold, for the purpose of enforcing a forfeiture, unless he waive the breach, as it is competent for him to do so, and as he may do by his acts. But to have possession, in such a state of things, work a forfeiture, it must be at the election of the grantor. He is at liberty to waive the breach and thereby save the forfeiture. Where the grantor covenanted to stand seized to his own use for life, and after his death to the use of his son in fee, but upon condition, and the son failed to perform the condition, it was held that the grantor, being in possession, need not make a formal entry, or make a formal claim to the land, to defeat the estate of the son. Still, the entry, to be effectual to work a forfeiture of an estate, must be made with an intention to produce that effect. And where an heir entered after a breach of condition, but declared the title under which he entered not to be that in favor of which the condition was made, it was held not to avoid the estate of the grantee, though it is not necessary when making such entry to give notice to the feoffee why it is done." 2 Wn. on Real Property (5 Ed.), pp. 18 and 19. This does not conflict with the principle that a forfeiture may be saved, though a condition may have been broken, if the party who has the right to avail himself of the same waives this right, which he (276) may do by acts as well as by express agreement; but mere silence of, or an indulgence by, the grantor, it has been said, will not have this effect, if it has not prejudiced the grantee or induced him to do something which will work to his detriment if the forfeiture is enforced. 2 Washburn, p. 21, and cases in note 4; White v. Bailey, 23 L.R.A. (N.S.), 232. The acts and conduct of the grantor who asserts a forfeiture may be of such a character as to become evidence of his agreement that he will not take advantage of the breach or forfeiture, and as affirming that the estate which he once granted still continues. 2 Washburn, p. 21. The question of waiver is generally one of intention, which is said to lie at the foundation of the doctrine. It may sometimes be declared as matter of law, but is usually an inference of fact for the jury. 40 Cyc., 261 et seq. It is there said, at p. 263: "The intention need not necessarily be proved by express declarations, but may be shown by the acts and conduct of the parties, from which an intention to waive may be reasonably inferred, or even by nonaction on their part. Mere silence at a time when there is no occasion to speak is not a waiver, nor *Page 344 
evidence from which waiver may be inferred, especially where such silence is unaccompanied by any act calculated to mislead." See White v. Bailey,supra. But a condition the breach of which will forfeit an estate, if once dispensed with, is gone forever, and the estate vests absolutely in the grantee. 2 Washburn, p. 21.
It is unquestionably true that not only the grantor, during his life, but his heirs, or privies in blood, after his death, may take advantage of the breach of a condition subsequent and bring suit for the land or to declare the estate forfeited. Sheppard's Touchstone, 125; Tiedeman on Real Property, sec. 207; Den ex Dem. Southard v. Central R. Co., 26 N.J.L. 21;Hooper v. Cummings, 45 Me. 359; Avelyn v. Ward, 1 Vesey, Sr., 422; 4 Kent Comm., 127; 2 Cruise Digest, ch. 2, sec. 49. Ruch v. RockIsland, 97 U.S. at p. 696, held that "If the conditions subsequent were broken, it did not ipso facto produce a reversion of the title. The estate continued in full force until the proper step was taken to consummate the forfeiture. This could be done only by the grantor during his lifetime and after his death by those in privity of blood with him." So it is said: "If the tenant neglected to pay or perform his service, the lord might resume his fief. It is upon this ground that conditions are held to be reserved to the grantor and his heirs only, and he and they alone can avail of the right of resuming the estate for a breach." Coke Lit., 201a, and Butler's Note, 84; 2 Washb.. (5 Ed.), p. 7. And again, Washburn says, at p. 15, citing Co. Lit., 214; Sheppard Touch. (fol. ed.), 441, and Crabb on Real Prop., 835: "If there be a breach of the conditions in law, the lessor of his heirs, or, if he have aliened his estate, his assignee, may avail himself of the right to enter. But of conditions in
(277) deed no one but he who creates the estate or his heirs, as, for instance, the heirs of a devisor, or, in case of a devise of the contingent right, such devisee or his heirs, can take advantage by entering and defeating the estate. It is a right which cannot be aliened or assigned, or pass by a grant of the reversion at common law." It is not necessary to decide whether any one other than the grantor and his heirs can take advantage of a forfeiture arising from the breach of a condition subsequent, as the plaintiffs in this case are the heirs of the grantor, Margaret Taylor.
There are no allegations in the complaint sufficient to show a waiver of the breach in failing to support the grantor. It would seem to be implied that Margaret Taylor had been in possession of the land during her life, as it is alleged that defendants have had the possession since her death. There is certainly not enough in the complaint for us to declare, as matter of law, that she had waived or abandoned her right to take advantage of the forfeiture caused by the breach. There is really nothing *Page 345 
alleged that shows that she did, and upon the meager statement in the complaint we would be unwilling to hold that, in law, there had been a waiver. When the answer comes in and the facts and developed, under proper issues submitted for the purpose, we may see more clearly what are the legal rights of the parties and declare them accordingly.
There was no error in overruling the demurrer and allowing defendants to answer.
No error.
Cited: Huntley v. McBrayer, 169 N.C. 77; Huntley v. McBrayer,172 N.C. 644; Hinton v. Vinson, 180 N.C. 397; Hall v. Quinn, 190 N.C. 329;Sharpe v. R. R., 190 N.C. 353; Cook v. Sink, 190 N.C. 629; Crawford v.Willoughby, 192 N.C. 273; Tucker v. Smith, 199 N.C. 504; University v. HighPoint, 203 N.C. 560.