JAMES HUNTLEY ET AL. v. T. C. McBRAYER.

(Filed 6 December, 1916.)

**1. Deeds and Conveyances—Possession and Support—Conditions Subsequent —Waiver.**

A conveyance of land with provision that the grantors should retain possession thereof during their natural lives and that the grantees should support them for that period of time operates by way of condition subsequent, and the right of forfeiture by reason of the condition to support having been broken, until entry or proper claim made, is not regarded as an estate in the grantors, but only a right of action to be enforced by proper procedure, and may be destroyed or waived by the persons entitled· to performance of the condition, either by formal deed of release or by the conduct of the grantors.

**2. Same—Equity—Limitation of Actions.**

A husband and wife conveyed his lands to two of their sons upon condition subsequent that they retain possession and receive support from the grantees for life. ·The husband died, and the wife joined one of the grantees in a conveyance of ·the lands in fee simple with warranty and covenants of title to another, from whom the defendant purchased. In a suit by the heirs at law of the husband to recover the lands upon allegation that grantees failed in the performance of the condition subsequent for the support of the wife, who is still living, it is *Held*, equity will interfere to prevent an insistence on such claim; and the deed for full value, with covenants assuring title, will operate as a release of the wife's claim to support and relieve the estate of liability to forfeiture on that account. The statute of limitations does not apply to the facts of this case.

THIS cause was before the Court on appeal from a judgment of nonsuit, 169 N. C., 75. The decision affirming the nonsuit having been certified down, the present action was instituted by same plaintiffs and proceedings had as follows:

This was a civil action tried before his Honor, W. J. Adams, judge, and a jury, at February Term, 1916, of the Superior Court of Rutherford County. The trial resulted in a verdict and judgment in favor of the defendant, and the plaintiffs appealed.

Plaintiffs brought their action in the Superior Court· to term to remove a cloud from their title and recover an interest in land. They alleged in the pleadings and contended upon the trial that they are the owners of eleven-twelfths in fee in the land in controversy upon the following state of facts: That William Henson, deceased, ancestor of plaintiffs, was the· owner of said land, and in the year 1885 executed a deed together with his wife, Jane Henson, conveying the land to W. A. Henson and Jason Henson, two sons, upon the condition subse-

quent that they would support and properly maintain the grantors during their lives, and that upon their failure to do so said deed should be void. The grantors also retained possession of the land during their lives. William Henson died within a few months after the execution of said deed, and that his widow survives him and is still living.

Plaintiffs alleged and contended further that after the death of William Henson in the year 1885 the grantees in said deed, W. A. Henson and Jason Henson, failed and refused to properly maintain the widow of William Henson, and that such failure and refusal was continuous from the death of William Henson in the year 1885 till the death of Jason Henson, about 1905, and has continued to the present time. Plaintiffs alleged that the defendant was the owner of one undivided eleventh of the land in controversy by virtue of a deed executed by the said Jason Henson to C. M. Roberson and by C. M. Roberson to defendant, but that he claimed to be sole owner and denied the title of the plaintiffs. Defendant admitted that the plaintiffs are the heirs at law of William Henson, deceased, but denied the allegation in the complaint that the condition in the deed from William Henson and wife to W. A. Henson and Jason Henson had been forfeited, and averred that it had been fully met and performed. Defendant in his further answer also alleged that the widow, Jane Henson, both by her conduct and by a deed executed by herself and Jason Henson and wife to C. M. Roberson, abandoned and waived the condition in the deed aforesaid, and thereby put an end to such condition. Defendant pleaded adverse possession and the statute of limitations as a defense.

Plaintiffs, replying to the further answer of defendant, denied any waiver of the condition in said deed by the widow of William Henson as alleged by defendant or otherwise, and denied that plaintiff's cause of action was barred by adverse possession or the statute of limitations.

On the trial, there was evidence offered on the part of plaintiff to the effect that William Henson died soon after the execution of the deed from himself and wife to his two sons, and that, after that time, there was an entire failure on the part of the grantees or either of them to furnish support to his widow, Jane, the other grantor in the deed.

There was evidence on the part of defendant tending to show that after the death of her husband, William Henson, Jane Henson continued to reside on the property for some time, receiving the rents and profits of same; that two of her children lived with her and that the conditions of the deed requiring support were properly complied with by the grantees or their assigns; that later, in January, 1903, Jason Henson having acquired and taken a deed for the interest of the

other grantee, he and his wife and Jane, the widow, sold the land to one C. M. Roberson for full value and all joined in the execution of a deed conveying the land to the purchaser and containing covenants of seizin, of right to convey in fee, that same was free from encumbrances, and of warranty, etc. That said purchaser took possession under his deed and later on, in January, 1903, C. M. Roberson conveyed same for full value to the present defendant. It appeared that Jane Henson, the widow, is still living.

On issues submitted, there was verdict for defendant, "that plaintiffs were not the owners of the land or any interest in them."

Judgment on the verdict for defendant, and plaintiffs excepted and appealed.

*R. S. Eaves for plaintiffs.*
*McBrayer & McBrayer and Tillett & Guthrie for defendant.*

HOKE, J.   The deed in question by which William and Jane Henson conveyed the property to two of their sons, W. A. and Jason Henson, contained provision that the grantors could retain possession during their natural lives, and stipulation, also, for the support of such grantors during such period, operating by way of condition subsequent. *Huntley v. McBrayer,* 169 N. C., 75; *Brittain v. Taylor,* 168 N. C., 271; *Underhill v. R. R.,* 20 Barbour, 455.

In deeds of this character the right of forfeiture by reason of condition broken, until entry or proper claim made, is not regarded as an estate in the grantors, but is only a right of action to be enforced by proper procedure, and may be destroyed or waived by the persons entitled to performance of the condition, either by formal deed of release or by conduct.   *Harwood v. Shoe Co.,* 141 N. C., 161; *Ruch v. Rock Is. Ry.,* 97 U. S., pp. 693-696; *Sharon Iron Co. v. City of Erie,* 41 Pa. St., pp. 341-351; *Ludlow v. Ry.,* 12 Barbour, 440; *Hubbard v. Hubbard,* 97 Mass., 188; *Chalker v. Chalker,* 1 Conn., 79.

In the decisions on the subject this right of forfeiture or the waiver of it has been usually made to depend on the action of the grantors or their privies in blood, and it may be that the widow in this instance, being one of the grantors, comes directly within the purview of such cases; but, conceding that the mere formal right of reëntry, for condition broken, descended to the heirs of William Henson, the husband and former owner, we see no reason, on the facts presented, why, in a case of this kind, a stipulation for support, the widow, who on the death of her husband had become alone entitled to the benefits of performance, could not formally release her right to the grantee and relieve the estate entirely of the burden.   If she had refused to accept

HUNTLEY *v.* McBRAYER.

support from the grantee, on tender made, or otherwise acted so as to render performance impossible, a forfeiture could not have been insisted on, and it would seem that such a result would follow from her formal deed.

It was intimated on the former appeal in this cause or in a cause between the same parties, 169 N. C., 75, that authority favored such a position, and it was so directly ruled in *Tanner v. Van Bibber,* 33 Ky., 550, and *Andrews v. Lenter,* 32 Me., and *Berenbroick v. St. Luke's Hospital,* 48 N. Y. Supp., 363, affirmed in 153 N. Y., 655, seem to be in recognition of the principle.

In 2 Washburn on Real Property (5 Ed.), p. 454 (marginal), it is said: "As a condition subsequent may be excused when its performance becomes impossible by the act of God, or by the act of the party for whose benefit it was created, or is prohibited or prevented by act of the law, so it may be waived by the one who has the right to enforce it." And in Greenleaf's Cruise on Real Property, p. 498, title, "Estates on Condition," subsec. 25: "A condition may be excused by the default of the person to whom it is to be performed, as by tender and refusal or by his absence in those cases where his presence is necessary for performance, or by his obstructing or preventing performance," etc.

It is an accepted principle of our jurisprudence that forfeiture of estates are not favored, and that conditions and stipulations providing for them are to be strictly construed. *Ludlow v. R. R.,* 12 Barbour, 440, and *Barrie v. Kelley,* 47 Mich., 130; and on the facts of this record, it appearing that the widow, the sole beneficiary of this stipulation, had joined with one of the grantees, he having acquired the estate of the other, in conveying the property to a purchaser for full value and with covenants, assuring the quiet enjoyment of the estate, and that the title was free from encumbrances, even if the technical right of re-entry has descended to the heirs of William Henson, a case is presented where equity would interfere to prevent an insistence on any such claim. *McGinnis v. Knickerbocker Ice Co.,* 112 Wis., 385, reported in 69 L. R. A., with notes containing further authority in favor of equitable interference.

Having held that the joinder of the widow in the deed for full value and with covenants assuring the title should operate as a release of her claim to support, so far as this property is concerned, and relieve the estate of the grantee of liability to forfeiture on that account, it is not necessary to consider and pass upon the question of the statute of limitations.

We find no error in the record, and the judgment for defendant is affirmed.

No error.