E. F. WATSON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF CORA RAY WATSON, DECEASED, v. LILLIE RAY CHASE PETERSON, GLADYS COLLETTA AND HUSBAND, P. C. COLLETTA, DRUID CHASE AND WIFE, ELOISE CHASE, AND LUCILE CHASE.

(Filed 18 October, 1939.)

1. **Pleadings § 19—**

All grounds for demurrer other than want of jurisdiction and failure of the complaint to state a cause of action are waived by failure to file formal demurrer, but defendant may demur on these grounds at any time, even in the Supreme Court.

2. **Executors and Administrators § 13b—**

In a proceeding to sell lands to make assets to pay debts of the estate, C. S., 74, an averment that insufficient personalty remained in the hands of

the petitioner to pay debts and legacies is insufficient and the petition is demurrable, since the statute, C. S., 79, prescribes that the petition should set forth the value of the personal estate and the application thereof, and it is necessary that the requirement of the statute should be observed.

APPEAL by plaintiff from *Ervin, Special Judge,* at February Term, 1939, of YANCEY. Remanded.

This is an action brought by plaintiff against defendants to sell certain lands of his testatrix to pay certain debts and legacies of his testatrix. The defendant denied the allegations of the complaint and the right of plaintiff to sell the land, and further set up the fact that the legacies have been renounced "and no longer exist."

The court below found certain facts and denied the petition of plaintiff. The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court. The necessary facts for a decision of the case will be set forth in the opinion.

*Charles Hutchins, Dover R. Fouts, and Frank H. Watson for plaintiff.*
*Briggs & Atkins and Huskins & Wilson for defendants.*

CLARKSON, J. We do not think it necessary on this record to consider the various exceptions and assignments of error made by plaintiff to the findings of fact and conclusions of law made by the court below.

The proceeding is instituted under N. C. Code, 1935 (Michie), sec. 74, which is, in part, as follows: "When the personal estate of a decedent is insufficient to pay all the debts, including the charges of administration, the executor, administrator or collector may, at any time after the grant of letters, apply to the Superior Court of the county where the land or some part thereof is situated, by petition, to sell the real property," etc.

Sec. 79 is as follows: "The petition, which must be verified by the oath of the applicant, shall set forth, as far as can be ascertained: (1) The amount of debts outstanding against the estate. (2) The value of the personal estate, and the application thereof. (3) A description of all the legal and equitable real estate of the decedent, with the estimated value of the respective portions or lots. (4) The names, ages and residences, if known, of the devisees and heirs at law of the decedent."

The allegations of the complaint for the determination of this controversy reads as follows: "That before the marriage of Gladys Chase, your petitioner had paid to Mrs. Lillie Ray Chase, the chief legatee under said will, practically all of the ready cash or the proceeds of notes collected, which had come into the hands of your petitioner, and there does not now remain enough personal property of any kind or character to pay off said legacies and stock assessment or cost of administration, but it is absolutely necessary, if said legacies shall be paid, that the real

estate, all or a portion thereof, herein described, shall be sold by order of this court to raise funds with which to pay said legacies. . . . WHEREFORE, your petitioner prays the court that he be authorized by this court to sell all of the interest of the late Cora Ray Watson in the foregoing tracts of land, or so much thereof as may be necessary to pay off the specific legacies hereinbefore referred to, and mentioned, and any other charges against the said estate of the said Cora Ray Watson and for such other and further relief as to the court may seem equitable and just."

The defendants demurred *ore tenus* on the ground that "the complaint does not state facts sufficient to constitute a cause of action." Michie, *supra,* sec. 511 (6).

All objections except those on the ground that the court has no jurisdiction of the person of the defendants or the subject matter of the action, and that the complaint does not state facts sufficient to constitute a cause of action, are waived unless they are taken by demurrer or answer. But the exceptions referred to may be taken advantage of by demurrer even in the appellate court. *Clements v. Rogers,* 91 N. C., 63 (64); *Gurganus v. McLawhorn,* 212 N. C., 397 (408); *Carpenter, Solicitor, v. Boyles,* 213 N. C., 432 (445).

We think the demurrer should be sustained. In the present case the petition alleges "and there does not now remain enough personal property," etc. In *Neighbors v. Evans,* 210 N. C., 550, the complaint stated "and the personal estate of said E. G. Talton is not sufficient to pay said debts." We held this was insufficient and said, at p. 553: "In *McNeill v. McBryde,* 112 N. C., 408 (411-12), it is said: 'We think, however, that the petition is deficient in that it does not comply with section 1437 of The Code (now C. S., 79), which requires that it shall set forth "the value of the personal estate and the application thereof." It simply states that the personal estate "is wholly insufficient to pay his (intestate's) debts and the costs and charges of administration." The purpose of the statute, in requiring the particulars therein mentioned to be stated in the petition, was to enable the court to see whether a sale was necessary; but the present allegation wholly fails to give any such information. It is important that the requirements of the statute should be observed, and we must sustain the demurrer upon this ground. *Shields v. McDowell,* 82 N. C., 137.'" See *Clarke v. Wineke, ante,* 238. The demurrer *ore tenus* is sustained. The action is

Remanded.