ROBERT L. AGALIOTIS v. LOUIS AGALIOTIS AND FRANCES SCATES

No. 7712DC925

(Filed 5 September 1978)

**Uniform Commercial Code § 33— check payable to wrong person—payee's name signed by another—no wrongful conversion**

In an action for the wrongful conversion of the proceeds of a check, the trial court erred in granting plaintiff's motion for summary judgment where the uncontradicted evidence tended to show that defendant was entitled to receive the proceeds of an insurance policy in which plaintiff was named as insured and defendant was named as payor; the insurance company intended to deliver the check to defendant and did so; only by administrative error was the check made payable to plaintiff rather than to defendant; and defendant endorsed the check by signing plaintiff's name, as he was permitted to do under G.S. 25-3-203.

APPEAL by defendant Louis Agaliotis from *Brewer, Judge.* Judgment entered 19 August 1977 in District Court, CUMBERLAND County. Heard in the Court of Appeals 22 August 1978.

Plaintiff alleged in his complaint that the defendant Louis Agaliotis, father of plaintiff, wrongfully converted the proceeds of a check in the amount of $1,852. Plaintiff's name, Robert L. Agaliotis, appeared on the check as payee. Defendant Agaliotis answered, denying that he had converted the funds and claiming that the check was intended for him. Both plaintiff and defendant Agaliotis moved for summary judgment, and the trial court granted the plaintiff's motion. Defendant appeals.

*Downing, David, Vallery & Maxwell, by Edward J. David, for plaintiff appellee.*

*Barrington, Jones & Witcover, by Henry W. Witcover, for defendant appellant Louis Agaliotis.*

ERWIN, Judge.

Defendant contends that the trial court erred in concluding as a matter of law that he "willfully and wrongfully endorsed the check signing the name: 'Robert L. Agaliotis,' " that plaintiff was entitled to the proceeds thereof, and that defendant had converted such proceeds. We find merit in defendant's arguments and hold that the trial court erred in granting plaintiff's motion for summary judgment.

The trial court made the following findings of fact:

"I. That a contract of insurance was entered into between Louis Agaliotis and Occidental Life Insurance Company of North Carolina set forth in insurance policy No. 260 664 in which the said Louis Agaliotis was named as payor and the plaintiff, Robert L. Agaliotis, was named as the insured. The policy further provides that all transactions affecting the policy prior to the insured's reaching the age of twenty-one (21) shall be between the company and said payor.

II. That pursuant to a paid-up provision in the contract Louis Agaliotis as payor, as provided in said policy of insurance, requested the proceeds of the policy and a check in the amount of $1852.00 was issued by the said Occidental Life Insurance Company of North Carolina and delivered to Louis Agaliotis.

III. Through administrative error by Occidental Life Insurance Company, the check was issued with the name of Robert L. Agaliotis as payee. The intent of the said company being to issue and deliver the check and pay the proceeds of the said insurance policy to Louis Agaliotis as payor.

IV. That the said check was cashed by Louis Agaliotis endorsing on the said instrument the name Robert L. Agaliotis and that the said Louis Agaliotis received the proceeds of the check."

The findings of fact show, and it was not contradicted, that defendant was entitled to receive the proceeds of the insurance policy in question, that the insurance company intended to deliver the check to defendant and did so, and that only by administrative error was the check made payable to "Robert L. Agaliotis."

Thus, it appears to us that plaintiff's position is that defendant should be liable to him merely because of the administrative error and defendant's having indorsed the check "Robert L. Agaliotis." G.S. 25-3-203, "Wrong or misspelled name," provides in pertinent part:

> "Where an instrument is made payable to a person under a misspelled name or one other than his own he may indorse in that name or his own or both . . ."

Plaintiff must show some basis, other than a mere misnomer, to recover of defendant; he has not done so. In fact, the trial court concluded that plaintiff was not entitled to the proceeds of the policy and yet granted summary judgment for plaintiff. In reality, defendant, not plaintiff, was the payee, and defendant did no more than indorse the check in a manner permitted under the Uniform Commercial Code.

Summary judgment under Rule 56 may be entered only where there is no genuine issue as to any material fact, and clearly if findings of fact are necessary to resolve an issue as to a material fact, summary judgment is improper. *Insurance Agency v. Leasing Corp.*, 26 N.C. App. 138, 215 S.E. 2d 162 (1975). Here, however, we feel that the trial court was merely summarizing the material facts that were not at issue.

Defendant further argues that the trial court erred in failing to grant his motion for summary judgment. We agree. Defendant filed his motion, which was supported by affidavits. Under Rule 56(e) it became incumbent upon plaintiff to show that there is a genuine issue for trial; he may not rely upon the mere allegations of his pleadings. If he does not do so, summary judgment, if appropriate, shall be entered against him. Defendant successfully carried his burden of showing that no genuine issue of material fact existed. Plaintiff failed to counter such showing.

---

Clodfelter v. Furniture Co.

---

It follows that the trial court erred in granting plaintiff's motion for summary judgment in the amount of $1,852 and in failing to grant defendant's motion for summary judgment as to the claims in plaintiff's complaint. The undisputed facts presented a question of law for the court, and it should have entered summary judgment for defendant. *See Mattox v. State*, 280 N.C. 471, 186 S.E. 2d 378 (1972). The judgment appealed from is reversed, and the case is remanded with instructions that summary judgment be entered in favor of defendant in accordance with this opinion.

Reversed and remanded.

Judges PARKER and CLARK concur.