BROWNLOW HOOPER v. PHOEBE HOOPER

No. 8129SC1355

(Filed 2 November 1982)

1. Deeds § 16.2— fee on condition subsequent

   A deed conveying property to plaintiff and defendant, plaintiff's former wife, on the condition that the grantees "support, maintain, clothe, feed, provide, shelter and kindly care" for the grantors in a fair and reasonable manner for the remainder of their lives and providing that it was the intention of the parties to create a fee on condition subsequent with right of re-entry upon breach of the stated conditions did in fact create a fee simple on condition subsequent.

2. Deeds § 16.2— fee on condition subsequent—no breach of condition—waiver of breach

   The grantees of property did not breach a fee on condition subsequent in a 1958 deed requiring them to support, maintain, clothe, feed, and provide

shelter to the grantors for the remainder of their lives where the evidence disclosed that the grantors had sufficient food, clothing and firewood whenever the grantees visited them, the grantors never asked the grantees for anything, the grantees did provide shelter to the grantors by allowing them to remain in the homeplace on the property and by paying the property taxes, and the grantors left the property in 1968 as a matter of convenience and not as a result of any refusal by the grantees to continue to provide shelter for them. Furthermore, the grantors waived any breach of the condition subsequent by living on the property for more than ten years and then voluntarily moving from the property without ever claiming a breach or seeking a rescission of the deed. Therefore, the grantors had no right to re-enter the property, and their execution of a deed in 1969 conveying the property to one grantee alone was without effect even if the execution of the deed could be considered an exercise of the right of re-entry.

APPEAL by defendant from *Freeman, Judge.* Judgment entered 3 September 1981 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 23 September 1982.

In 1978 plaintiff instituted this action to be declared the owner in fee of a parcel of land free and clear of any interest of his former wife. Plaintiff alleged the property in question had been conveyed to him and the defendant by his parents in 1958. The deed from plaintiff's parents was made on condition that the grantees, plaintiff and defendant,

> . . . support, maintain, clothe, feed, provide, shelter and kindly care for H. H. Hooper and his wife, Julia E. Hooper in a fair, reasonable and sufficient manner for the natural lives of each of the parties of the first part and provide said parties of the first part with a decent Christian burial in the event of their death and to erect a suitable monument at each of the graves and said parties of the second part to pay for said burial and monument, . . .

The deed specifically provided that it was the intention of the grantors to create a fee on condition subsequent with right of re-entry in the grantors upon breach of the stated conditions.

Plaintiff further alleged that the right of re-entry was exercised by the grantors in 1969 when they conveyed the same property in fee simple to plaintiff alone. Plaintiff seeks to be declared full owner of the property pursuant to the latter deed.

In her answer, defendant denied that she had breached the conditions contained in the 1958 deed or that the grantors had ex-

ercised the right of re-entry and asked that she be declared owner of a one-half undivided interest in the property. The defendant moved for summary judgment. Defendant's motion for summary judgment was denied, and summary judgment for plaintiff was entered. Defendant appealed.

*Ramsey, White, Cilley & Dalton, by William R. White, for plaintiff-appellee.*

*Potts & Welch, by Jack H. Potts, for defendant-appellant.*

HEDRICK, Judge.

Defendant contends the court erred in entering summary judgment for plaintiff, and argues that summary judgment for her should have been entered. Defendant contends the uncontroverted facts disclose the condition was not breached, and that if it was, the grantors never exercised their right of re-entry.

[1] There is no question that the 1958 deed to plaintiff and defendant created a fee simple on condition subsequent. Not only did the grantors reserve a right to re-enter upon breach of the conditions, they further provided that the deed would be null and void upon such breach and stated their intention to create a fee simple on condition subsequent. *See Mattox v. State*, 280 N.C. 471, 186 S.E. 2d 378 (1972). The breach of a condition subsequent entitled the grantor, or his heirs, to cause a forfeiture of the grantee's estate by exercising the right of re-entry. 5 Strong's N.C. Index 3rd, *Deeds* § 16.2. The initial question for determination in this appeal, therefore, is whether, prior to 1969, there was a breach of the condition contained in the 1958 deed such that the grantors or their heirs could declare the estate created by the 1958 deed forfeited and exercise the right of re-entry, and thereafter convey the property to the plaintiff in fee free of any claim of the defendant, plaintiff's former wife.

[2] A review of the record reveals that plaintiff and defendant are in agreement as to all the facts concerning the two deeds and their actions vis-a-vis the grantors preceding the purported re-entry and reconveyance of the property by the grantors. Only a question of law remains as to whether those actions constitute a breach of the conditions subsequent contained in the 1958 deed. We hold that, as a matter of law, they do not.

The record discloses the following uncontroverted facts: the grantors continued to live on the property after conveying it to plaintiff and defendant in 1958. From 1958 to 1968, neither plaintiff nor defendant did anything to support or care for the grantors other than to pay the taxes and make some repairs on the property and visit occasionally. However, the grantors always appeared to plaintiff to have plenty of food, clothing and firewood and never asked him for anything. Plaintiff and defendant separated in 1968 and were divorced in 1969. The grantors executed the purported deed to plaintiff in 1969. The deed recites that, the conditions in the 1958 deed having been breached by both plaintiff and defendant, the grantors desired to convey the property in fee simple to plaintiff. One of the grantors, plaintiff's father, died in 1972. The remaining grantor paid his funeral expenses because, "I wanted to pay it myself. They would have paid it, but still I wanted to."

The evidence discloses that the grantors had sufficient food, clothing and firewood whenever plaintiff and defendant visited them and that the grantors never asked plaintiff or defendant for anything. Plaintiff and defendant did provide shelter to the grantors by allowing them to remain in the homeplace on the property and by paying the property taxes. The grantors left the property in 1968 as a matter of convenience, not as a result of any refusal by plaintiff or defendant to continue to provide shelter for them. As neither grantor had died at the time of the purported 1969 conveyance, plaintiff's and defendant's failure to pay the burial expenses of plaintiff's father is irrelevant.

These facts are similar to those in *Barkley v. Thomas*, 220 N.C. 341, 17 S.E. 2d 482 (1941), where the grantees under a deed conveying a fee on condition subsequent were required to support and provide a home for the grantor for the rest of his life. Immediately after the conveyance, the grantees took the grantor into their home for a year before placing him in a sanitorium for treatment of tuberculosis, paying thereafter only his monthly laundry bill, until he died two years later. Upon his death, the sanitorium presented a bill for its services to the grantor's administrator, who thereupon sought to rescind the deed to the grantees for breach of the condition subsequent. The court found no breach.

In our opinion, the facts in the present case merit a finding of compliance with the conditions subsequent more than those in *Barkley* because the terms of the conditions subsequent in this deed required only reasonable and sufficient support and there was no evidence that the grantors ever needed more than was given them by plaintiff and defendant. Even though the grantors attempted to rescind the deed for breach of the conditions, a factor not found in the *Barkley* case, this fact is not determinative where there has been no breach preceding the attempted rescission.

Further, had there been a breach, the facts revealed by the depositions and affidavits in this case clearly show a waiver of the breach by the grantors.

> A party, for whose benefit a condition subsequent is attached to a devise of land, being in possession at the time of the breach, is presumed to hold for the purpose of enforcing the forfeiture, though he may waive it. "The law will presume that a person who cannot make a formal entry upon the estate of another for condition broken, because he is already in possession, intends to hold possession to enforce all his legal rights, unless there be some indication that such was not his intention, by which the presumption of law may be rebutted. When the facts disclosed are inconsistent with a claim to hold for condition broken, the presumption will be rebutted, or the person entitled to make an entry will be considered as having waived a performance of the condition. Forfeitures are not favored by the law; and any acts of the party entitled to cause a forfeiture, clearly inconsistent with a claim to be the owner of the estate by forfeiture, must be regarded as proof that performance of the condition was not intended to be enforced for the purpose of creating a forfeiture." [Citation omitted.]

*Brittain v. Taylor*, 168 N.C. 271, 274-75, 84 S.E. 280, 282 (1915). Here, the grantors lived on the property for ten years, allowing the grantees to pay the taxes, and made repairs, without ever claiming a breach or seeking rescission of the deed, in spite of plaintiff's present contention that the conditions were never performed. To the contrary, the grantors moved off of the property without ever asserting that the conditions had not been fulfilled

and attempted to deed the property to plaintiff without any restrictions as to their support. These factors are inconsistent with a claim to hold for condition broken and operated to relieve the estate of the burden of the conditions subsequent. *See Bernard v. Bowen,* 214 N.C. 121, 198 S.E. 584 (1938); *Huntley v. McBrayer,* 172 N.C. 642, 90 S.E. 754 (1916).

No breach of the conditions subsequent having occurred prior to 1969, and any alleged breach having been waived by the grantors, we do not reach the issue of whether the execution of a deed to plaintiff alone constituted an exercise of the right of re-entry by the grantors.

The trial court erred in entering summary judgment for plaintiff. On the basis of the record before us, the court should have entered summary judgment for the defendant. *See Mattox v. State, supra; Agaliotis v. Agaliotis,* 38 N.C. App. 42, 247 S.E. 2d 28 (1978). The case is remanded to the Superior Court of Transylvania County with instructions that summary judgment be entered in favor of defendant in accordance with this opinion.

Reversed and remanded.

Judges MARTIN (R. M.) and WEBB concur.