## JANE HUNTLEY v. T. C. McBRAYER.

(Filed 12 May, 1915.)

### 1. Deeds and Conveyances—Conditions Subsequent—Interpretation.

If it be doubtful whether a clause in a deed is a covenant or a condition, the courts will incline against the latter construction, for a covenant is far preferable to the tenant; yet deeds are nevertheless construed to effectuate the intention of the parties where construction is permissible, and where the intention to create an estate upon condition is clear, the law will so construe the deed.

**2. Same.**

Where the conditions expressed in a conveyance of land is not necessarily required to precede the vesting of the estate, but may accompany or follow it, and if the act may as well be done after as before the vesting of the estate, or if from the nature of the act to be performed and the time required for its performance it is evidently the intention of the parties that the estate shall vest, and that the grantee perform the act after taking possession, then the condition is subsequent.

**3. Deeds and Conveyances—Support of Grantor—Conditions Subsequent.**

A conveyance of land made in consideration of support and maintenance so long as the grantor shall live, and if the grantee should fail to comply with his part of the agreement, then the deed to be void and of no effect, with provision that the grantor remain in possession for his life, is construed to be made upon condition subsequent.

**4. Same—Termination of Estate—Evidence.**

Where a deed made upon consideration of support of the grantor is sought to be terminated upon the ground that the condition subsequent had not been performed by the grantee, it must clearly appear that there has been a substantial failure by the grantee to perform his covenant; and evidence that some demand not stated was made by the grantor upon the grantee is insufficient.

APPEAL by plaintiff from *Justice, J.,* at August Term, 1914, of RUTHERFORD.

This is a proceeding for partition of land, in which defendant pleaded sole seizin. William Henson, who once owned the land, and his wife, Jane Henson, under whom plaintiffs claim as heirs, conveyed the land to their sons, William A. and Jason Henson. William Henson died in 1885 or 1886, and Jason Henson died eleven years ago. William A. and Jason Henson and their mother, Jane Henson, after the death of her husband, conveyed the land to C. M. Robinson, and defendant claims under him. Defendant and those under whom he claims have held the possession since the date the deed was executed in 1885. This suit was brought in June, 1914. The deed of 1885 conveys the land in fee, with this restriction: "For and in consideration that the parties of the first part are both old and frail, and the parties of the second part agree and bind themselves to see that they are maintained and properly cared for as long as they or either of them live (then follow words of conveyance and the habendum and warranty clauses). . . . But if the parties of the second part should fail to comply with their part of the agreement, this is all void and of no effect. The parties of the first part are to retain possession of said land as long, os they or either of them live."

There were certain facts agreed upon or admitted by plaintiffs, and, among others, that they have no proof that there was any violation of the agreement to support and maintain William Henson during his life, or that he made any demand on the grantees, but they proposed to prove that Jane Henson made a demand and the grantees failed to respond,

though it is not stated for what the demand was made, nor does it appear what was its nature or extent, or at what time the demend was made. There was no offer to prove that the grantees or their assignees had actually failed to support Jane Henson. The court intimated the opinion that plaintiffs could not recover, whereupon, in deference to this intimation, they took a nonsuit and appealed.

*Robert S. Eaves, Ryburn & Hoey, and Quinn, Hamrick & Harris for plaintiff.*
*Tillett & Guthrie for defendant.*

WALKER, J., after stating the facts: We are of the opinion that the words of the deed create a condition subsequent. No precise words are required to make a condition precedent or subsequent. The construction must always be founded on the intention of the parties. If the act or condition required does not necessarily precede the vesting of the estate, but may accompany or follow it, and if the act may be as well done after as before the vesting of the estate, or if from the nature of the act to be performed and the time required for its performance it is evidently the intention of the parties that the estate shall vest, and the grantee perform the act, after taking possession, then the condition is subsequent. 20 Barbour (N. Y.), 455. The effect of the deed, therefore, was to vest the fee simple of the estate in the grantees, subject to be defeated by a neglect or refusal to perform the condition. It is true that such conditions are construed strictly against the grantor, as they tend to defeat estates, but the construction should be conformable to the letter and obvious intent of the grant, and if there is only one construction which will give effect to all the words of the instrument, it will, of course, be followed. 13 Cyc., 687, 688. The meaning of this deed is clear that the grantees shall see to the maintenance and proper care of the grantors during their joint and several lives, and, failing to do so, that the deed shall be "void and of no effect." We have recently discussed the principles applicable to conditions of this sort in deeds, and it would be useless to repeat what is there said. *Britton v. Taylor,* 168 N. C., 271.

The only question we need consider here is whether there was a sufficient offer to prove facts that would show a violation of the condition. It is stated in the facts admitted that a demand was made by Jane Henson upon the grantees, but we are not informed as to its terms, so that we cannot see that it was of a kind to put the grantees in default if they did not comply with it. This would be very indefinite proof, and a wholly inadequate admission upon which to declare a vested estate forfeited for breach of a condition. It must appear clearly that there has been a substantial failure to perform the covenant for support before

the power of the court will be exerted to put an end to the estate conveyed and return it to the grantor.

It is unnecessary to decide as to the legal effect of the deed executed by Jane Henson upon the condition and the right to reënter for its breach, she being the only beneficiary injured by the alleged nonperformance of the grantees. The deed is not before us, and we will not venture a guess as to its contents. A conveyance of the premises by the grantor to a stranger has been held as operating to extinguish the grantor's rights in certain cases. 13 Cyc., 707, and note 96, and cases cited; *Berenbroick v. St. Luke's Hospital,* 23 Hun. (N. Y. Appellate Div. Supreme Court), 339 (*s. c.,* 48 N. Y. Suppl., 363, and 155 N. Y., 655). But we do not decide the question, for the reason stated, as it is sufficient to hold that, upon another ground, the intimation of the court was correct, and the nonsuit will not be set aside.

No error.