Robert G. LASSITER and Margaret C. Lassiter, his wife, and B. L. Simmons and Katherine L. Simmons, his wife, Plaintiffs,

v.

TOWN OF OXFORD and Oxford Golf Association, Defendants.

Civ. A. No. 341.

United States District Court, E. D. North Carolina, Raleigh Division.

March 11, 1955.

Murray Allen, R. P. Upchurch, Raleigh, N. C., for plaintiffs.

B. S. Royster, Jr., Hugh M. Currin, Oxford, N. C., for defendants.

GILLIAM, District Judge.

This action to recover possession of a forty-acre tract of land was tried without a jury. These facts are found:

The land in dispute was conveyed by the plaintiffs and Benjamin K. Lassiter, who is not a party to the action, to the Town of Oxford in February, 1934, by deed in Book 96, at page 82, Granville County Registry. The pertinent portion of the deed is as follows:

"To Have and To Hold the aforesaid tract of land and all privileges and appurtenances thereunto belonging to the said Town of Oxford so long as the said Town of Oxford shall keep and maintain said land for a golf course, and should said Town of Oxford at any time cease to maintain and use said land for a golf course then it shall revert to the grantors or their heirs, said grantors reserving for themselves and members of their families the free use of said golf course and any other facilities placed thereon by the said Town of Oxford."

Prior to execution of this deed Benjamin K. Lassiter (not a party), brother of plaintiffs Robert G. Lassiter and Katherine L. Simmons, and plaintiff B. L. Simmons, husband of Katherine L. Simmons, agreed with a group of Oxford citizens to convey the land to a golf club, to be organized, for use in constructing and maintaining a golf course for the benefit of the citizens of the town. A deed was executed in compliance with this agreement, but was not recorded when it was learned that if the conveyance were made to the municipality help from the federal government through the W.P.A. would be available. Thereupon, the deed to the town above quoted from was executed by the plaintiffs and Benjamin K. Lassiter.

Thereafter, a golf course was constructed on the land by the Town of Oxford and such course has been continuously operated for the benefit of Oxford citizens and the general public since that time.

On November 25, 1944, the town leased the land to its co-defendant, the Oxford Golf Association, for a period of twenty-five years. This lease sets forth that if the lessee "shall fail to maintain a golf course, as provided in the deed from Robert G. Lassiter and others to the Town of Oxford * * * this lease shall terminate and become null and void."

Since the execution of this lease, and, perhaps, earlier, the golf course has been kept, maintained, and operated by the Oxford Golf Club, an incorporated association, not a party hereto, acting for and in behalf of the Oxford Golf Association, the lessee, one of the defendants, and which is not incorporated, though so designated in the lease. The operation has been under rules and by laws enacted and enforced by the Club and the Town of Oxford has exercised no control of such operation and has had no part whatever, as a municipality, in the keeping and maintaining of the course. Under the rules of the Club, no person has been denied the right to use the course but nonmembers are required to pay nominal green fees when they play, whereas members who pay dues to the Club pay no green fees.

There has been no period of time since the course was completed during which a golf course was not kept and maintained on the land conveyed to the Town, though since the lease in 1944 the Town itself has neither kept nor maintained such course, unless it be found that it has done so through the Golf Association and the Golf Club.

On September 29, 1947, plaintiffs made demand for possession of the land and this demand was refused. The complaint alleges that the "Town of Oxford has ceased to maintain and use the land * * for a golf course and title * * * has reverted to plaintiffs and Ben. K. Lassiter and wife, Dorothea Lassiter" and the answers deny the allegation and assert "that the terms and provisions of the deed * * * have been fully observed and complied with."

At the trial, after the pleadings were read the plaintiffs moved for judgment thereon. This motion was denied and plaintiffs excepted. The defendants abandoned all defenses set up in the answers except that which is based upon

the assertion of full compliance with the terms and provisions of the deed.

These two questions are presented:

1. Was a condition subsequent created by the language appearing in the habendum of the deed, so that if breached forfeiture of title and right of re-entry by the grantors would result? and

2. Has such breach occurred?

▇ It appears clear to me that the first question must be answered affirmatively.

In Methodist Protestant Church of Henderson v. Young, 130 N.C. 8, 40 S.E. 691, land was conveyed to plaintiff " 'upon which to build a church  *  *  *' " and contained a condition "that if said church 'discontinue the occupancy of said lot in manner aforesaid, then this deed shall be null and void, and the said lot *  *  *  shall revert to the said W. A. Harris  *  *  *.' " This language was held to create a condition subsequent, upon breach of which forfeiture of title and right of re-entry resulted. To the same effect is the decision in Britton v. Taylor, 168 N.C. 271, 84 S.E. 280. It is unnecessary to refer to other cases. I agree with plaintiffs' counsel that the cases relied on by defendants' counsel are not controlling, for in these cases the deeds did not contain provisions for forfeiture of title and right of re-entry and failed to show intent that the property should revert to grantor upon breach. Such is not the case here, for the deed expressly stipulates that "should said town  *  *  *  at any time cease to maintain and use said land for a golf course then it shall revert to the grantors *  *  *" and also the habendum clause limits the estate of the Town by the words "so long as the said town  *  *  * shall keep and maintain said land for a golf course." I agree entirely with plaintiffs' counsel that it would seem to be impossible to conceive stronger language than that used to express the intention of the grantors that the land should revert to them upon the breach of the condition that it be kept and maintained for a golf course, but I cannot

agree that the language necessarily shows that they intended or contemplated that the town as a municipality would actually fix the rules and assume the responsibility of operating the course.

▇ What the intent of the parties was, I think, is a question of fact for me to find. Such conditions as we are considering, where breach works a forfeiture, are to be construed strictly against the grantors, as they tend to defeat estates. Huntley v. McBrayer, 169 N.C. 75, 85 S.E. 213, 214, and many other cases. But, as also stated in the Huntley case, "the construction should be conformable to the letter and obvious intent of the grant, and, if there is only one, which will give effect to all the words of the instrument, it will, of course, be followed." To this statement there should be no dissent, but I do not agree that the intent of the grant is "obvious" or that only one construction (that insisted upon by plaintiffs) "will give effect to all the words of the instrument." It should be noted that nowhere in the deed is there any language which provides for the operation of the golf course by the Town. The language is "so long as the Town of Oxford shall keep and maintain said land for a golf course" and "cease to maintain and use said land for a golf course." To me the intent does not seem obvious, as plaintiffs allege. I think there is some ambiguity and room for argument and it was for this reason that the first deed was admitted and considered over plaintiffs' objection. This act on the part of the grantors demonstrates conclusively that they were not interested in whether the course was operated by the Town or a club such as that which has operated it since its construction. And why should they have been so concerned? Clearly, what was in their minds was the purpose, perhaps unselfish or, maybe, because of possible enhancement in value, to the portion of the land retained, to make possible the establishment and operation of a golf course. What could they have had in mind? Did they expect operation by the governing body, with the rules and regulations set

by it at regular meetings? Or did they have in mind that the governing body would name a committee from the body or a committee of citizens to do the actual operating. The latter, in effect, is what has been done. The course taken by the Town was the most practicable course that could have been taken to accomplish the purpose and intent of the grantors, that is, to provide a golf course for Oxford people.

 Come down then to the questions: Has the Town kept and maintained the land for a golf course and has it ceased to maintain and use said land for a golf course? True, it has leased the land, but the lease specifically sets out that if the lessee fails to maintain a golf course, as provided in the deed from the owners, the lease shall terminate and become null and void. So that the Town has not parted with control of the land so as to divest itself of the power to see that the wishes of the grantors in the deed are fully observed. I find that the Town has kept and maintained the land for a golf course and has not ceased to maintain and use it for that purpose. It would be unconscionable to hold a forfeiture of the investment of thousands of dollars upon facts which, in their strongest light for the plaintiffs, show only a technical breach of the condition subsequent appearing in the deed.

The question is discussed in 26 C.J.S., Deeds, § 151, at page 487, where we find these statements supported by citations: "Words of a condition should, in determining whether or not there is a performance or breach thereof, be given a meaning consistent with the manifest intention and purpose of the grantor; and a person insisting on a forfeiture must bring himself clearly within the terms of the condition * * *. Ordinarily, any questions as to alleged breach of conditions are for the jury. A breach causing a forfeiture is not lightly to be inferred but must be made clearly and unmistakably to appear. The grantee in a deed need only substantially comply with a condition subsequent * * *." See also Central Land Co. v. City of Grand Rapids, 302 Mich. 105, 4 N.W.2d 485, 144 A.L.R. 478.

A judgment in favor of defendants is filed herewith.